## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, LITCHFIELD, MIDDLESEX AND TOLLAND,

ON THE FIRST TUESDAY OF MAY, 1881.

Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND· GRANGER, JS.

<del>-------◄●●●►-------</del>

WILLIAM D. HILTON AND ANOTHER vs. CHAS. H. OSGOOD.

The act of 1775 provides that additional parties may be made plaintiffs and additional defendants may be cited in, upon such notice and such payment of costs as the court may order. Held that under this statute new defendants might be cited in although there was no cause of action against the original defendants.

And that this could be done after the writ had been abated.

Replevin will lie under the statute (Gen. Statutes, tit. 19, ch. 17, part 15, sec. 1,) for chattels held on execution.

REPLEVIN for two horses and four cows; brought to the Superior Court in Windham County. The defendant pleaded that he held the property at the time it was taken by the replevin process as sheriff upon an execution issued upon a judgment recovered by George S. F. Stoddard against Benjamin Sumner in the Superior Court for Windham County, and prayed that the writ might for this cause abate and be dismissed. The plaintiffs demurred to this plea, but the court (*Sanford, J.*) held it sufficient and adjudged that the writ abate. The plaintiffs thereupon moved to be allowed to amend the writ by making George S. F. Stoddard a defendant, which motion the court refused to allow, and rendered final judgment for the defendant. The· plaintiffs brought the record before this court by a motion in error.

*H. Johnson,* for the plaintiffs.

*T. E. Graves* and *G. W. Phillips,* for the defendant.

PARK, C. J. We are of opinion that the court below erred in refusing the amendment requested by the plaintiffs. The statute of 1875 provides that "additional parties may be made plaintiffs by amendment, and additional defendants may be cited to appear therein, upon such notice and such payment of costs by the plaintiff as the court before which such action is pending may prescribe." The object of this statute is obvious. It was to save the loss of time, and the additional expense, which would be caused by the bringing of a new suit to determine the merits of the controversy, when it is found that there should be some additional party or parties to the suit, who, through some oversight, or want of knowledge on the subject, or mistake of legal liability, were not originally joined in the action. The statute was not designed to encourage carelessness in the bringing of suits; it endeavors to guard against it by subjecting the plaintiff to the payment of costs to all defendants against whom no recovery is finally had. This seems to be regarded as a sufficient safeguard against improper action on the part of plaintiffs.

We express no opinion on the question whether an amendment was necessary in this case in order to maintain the action, but simply say, that if an amendment was necessary, we think it ought to have been allowed. It is said by the defendant that the statute does not apply to a case where the party defendant, originally cited, is not liable, either alone or in connection with others—that he must be in some form liable in order to lay the foundation for citing in other parties. This claim is extremely technical, too much so to be applied to a remedial statute. If in a certain case there are six defendants, and on the trial it is found that there is no cause of action against four of them, what matters it which of them were originally summoned, so long as the pleader acted in good faith and in accordance

with the best light he then had? All the defendants were legally joined, and if so, can it make any difference in what order they were brought in? Indeed, the statute proceeds upon the idea that parties will be originally summoned, and afterwards others cited in against whom there will be found to be no cause of action. It cannot be said that the defendant is a stranger to the controversy which is the subject-matter of the suit. He held the property, and it is a mooted question in the case whether under a recent statute he is not liable.

It is further said by the defendant that, even if another defendant could have been added by way of amendment before the process was abated by the court, yet it can not be done after such abatement, because the case is then out of court. We see no reason why such an amendment cannot be allowed after the abatement as well as before. We have an ancient statute which provides that "if any plea in abatement of any process be ruled in favor of the defendant, the plaintiff may amend the defect on paying to the defendant his costs to that time." Gen. Statutes, p. 420, sec. 2. We see no reason why this statute does not apply to the case, and allow the amendment if it could have been allowed in any stage of the case.

It is further claimed, that this action cannot be maintained inasmuch as the property was held on execution.

The statute with regard to replevin, as it appears in the revision of 1875, (Gen. Statutes, p. 484, sec. 1,) provides that "the action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property with a right to their immediate possession, and which are wrongfully detained from him in any manner." The statute in force before this revision provided that the action might be maintained whenever any goods should be "unlawfully detained." This of course implied a detention contrary to law. It was at that time considered that the holding of goods by an officer on execution was not an unlawful detention; that the chattels were in the custody of the law, and therefore could not be replevied. The

language of the present statute, "wrongfully detained from him in any manner," is of more extensive meaning, and must include any detention which does wrong to another. We think this statute embraces chattels held on execution as well as by attachment.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.