Lulu T. Coombs *vs.* Jane Darling et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued March 9th—decided May 9th, 1933.

*John D. Walker,* for the appellant (plaintiff).

*Hugh J. Lavery,* with whom, on the brief, was *George N. Finkelstone,* for the appellee (defendant Darling).

HAINES, J. The appellant was operating her automobile easterly on the public highway in Greenwich on November 3d, 1930, while a truck of the defendant Briar Hills Nursery, Inc., was being operated westerly on the same highway, and directly behind the truck the defendant Jane Darling was operating her automobile. The last-named defendant in attempting to pass the truck, turned to the left and collided with the

plaintiff's car, causing a damage to the latter which the trial court fixed at $1000. The court held the Briar Hills Nursery, Inc., free from blame, and that the damage was caused solely by the negligence of the defendant Jane Darling. Judgment was, however, rendered in her favor, for the reason that the action was not begun within one year after the injury was caused and thus was barred by the statute of limitations, and from this judgment the present appeal was taken. This defendant was and is a nonresident having her home in New York City, but from the date of the accident to the time this action was brought, she came into this State three days each week, except during the vacation periods, to teach in a Connecticut school. Service of the complaint was made upon the motor vehicle commissioner of this State pursuant to General Statutes, § 5473, which appears in a footnote to *Hartley* v. *Vitiello*, 113 Conn. 74, at page 76, 154 Atl. 255, 256. The accident occurred November 3d, 1930, and the complaint was served December 24th, 1931.

This section was first adopted as Public Acts of 1925, Chapter 122. Previous to its enactment, the only method of securing a personal judgment against a nonresident was by service upon him while within the State. The statutes of limitation, then as now, provided that no action to recover damages for injury to the person, or for injury to personal property caused by negligence, should be brought but within one year from the date of the injury or neglect complained of. General Statutes, § 6015. There is a further statute applicable to the various limitations fixed for specific actions provided for in previous sections, including the one to which we have just referred, which reads as follows: "In computing the time limited in the several cases aforesaid, the time during which the party,

against whom there may be any such cause of action, shall be without this State, shall be excluded from the computation." General Statutes, § 6022. The purpose of this latter section was "to preserve the right of action during the absence of the defendant when it was impossible to serve him with process in an action *in personam.*" *Clegg* v. *Bishop,* 105 Conn. 564, 569, 136 Atl. 102. Under these sections, therefore, a cause of action against a nonresident would not be barred until he had been within this State for a period or periods aggregating one year without the service of process upon him. *Clegg* v. *Bishop, supra.* The question presented by this case is as to the effect of these provisions of the statutes as regards an action begun under the provisions of § 5473.

The obvious purpose of this section was to afford a means by which the equivalent of personal service might be made upon a nonresident although he was not actually within the State.

There are no limitations of time in the Act of 1925 (§ 5473), within which the process must be served, and since the regular limitation of one year by § 6015 applies in terms to all actions of this character, that period of one year fixes the limit of time for such service.

Where powers were given to a railroad company by special charter with no provision limiting the time for their exercise, it was held by this court that the general limitation fixed by existing statutes was operative. *Hartford & C. W. R. Co.* v. *Montague,* 72 Conn. 687, 45 Atl. 961.

We have also held that there being no provision in this statute for continuances, that subject is controlled by existing statutes. " 'The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon

any one of them. And it is always presumed to have intended that effect which its action or non-action produces.' " *Hartley* v. *Vitiello, supra,* p. 82; *New York, N. H. & H. R. Co.'s Appeal,* 80 Conn. 623, 635, 70 Atl. 26; *State* v. *Staub,* 61 Conn. 553, 566, 23 Atl. 924.

Under § 5473, therefore, a plaintiff may, at any time within one year after the injury, begin his action with the same effect as though the defendant were, during that period, within the State and subject to service in the usual manner. The reason which lies back of § 6022 does not therefore apply. "It is a general and very sound rule, applicable to the construction of every statute, that it is to be taken in reference to its subject-matter. And equally the construction ought to be with reference to the object to be accomplished by the Act, and to keep in view the conditions existing." Endlich, Interpretation of Statutes, p. 95, § 73. What we said in *Sage* v. *Hawley,* 16 Conn. 106, 115, of the provisions now found in § 6022, is peculiarly applicable to the situation before us: "Considering this provision as being designed to protect the rights of the plaintiff, in those cases where it was not practicable for him to enforce them by a suit, in consequence of the absence of the defendant from the State, its justice and propriety are most obvious. But it is not necessary, nor does justice seem to require, that we should extend it by construction, so far as to include in the computation of the time limited for bringing suits, those periods when the defendant was personally out of the State, but during which the plaintiff might, notwithstanding, have commenced a personal action against him, by the judgment in which he would be conclusively bound."

Service of process under § 5473 is merely a substitute for service upon the person of the defendant in

the usual manner. A literal application of the provisions of § 6022 to an action begun under § 5473 would permit a plaintiff to begin such action against a nonresident at any time before the total period the latter had been within the State, amounted to one year. Moreover, § 5473 relates only to actions for the negligence of a nonresident in the operation of a motor vehicle upon the public highways of this State, and to apply to that situation the provisions of § 6022, would give to the plaintiff in such action a very much more extended right than a plaintiff would have against nonresidents in actions of any other nature. We cannot attribute to the legislature an intention to produce such a result, and we hold that it meant to substitute, in that class of cases, service upon the motor vehicle commissioner in place of service upon the person of a nonresident within the State, with the incidents which follow upon such service, including the application of the one-year statute of limitations.

Our conclusion, therefore, is that in actions begun under § 5473, the provisions of § 6015 apply and those of § 6022 do not. The action must be brought within one year from the injury or neglect complained of.

As in this case more than one year had elapsed after the neglect and injury of which complaint is made before the action was brought, it was barred by the statute of limitations.

There is no error.

In this opinion the other judges concurred.