## THE COLONIAL ACCEPTANCE CORP.
### vs.
## WILLIAM F. BLAKE

Court of Common Pleas     Hartford County     File #36964

## MEMORANDUM FILED JUNE 6, 1938.

David Haymond, of Hartford, for the Plaintiff.

Nelson Harris, of New Haven, for the Defendant.

MOLLOY, J.   This action as originally returned to court is one in the nature of a replevin action.   In the copy thereof, left in service, the names of the principal, his surety and witnesses to the bond appended to the writ were typed.   The Court sustained the plea in abatement filed by the defendant for that reason.   Within a few days the plaintiff filed a motion to amend the bond in the copy of the original writ in such a manner that the written signatures of the respective parties referred to above would be substituted for the typewritten signatures. No one appeared in behalf of the defendant in opposition to this motion.   It was therefore granted. Subsequently the defendant filed a motion for reargument which was granted.   So that the question now before the Court is whether or not the Court had the power to allow such an amendment as the plaintiff proffered, after a plea in abatement sustained.

It is the argument of the defendant that the bond does not come within the meaning of "replevin writ", therefore should be considered separate and apart from the replevin writ and complaint; that the defect is not avoidable but void, therefore cannot be amended, as the process no longer exists as far as the Court is concerned.   In other words, that the defect is fatal to the entire action.

The plaintiff bases its right of amendment upon sections 5538 and 5541 of the General Statutes, Revision of 1930.   The first concerns amendments after plea in abatement sustained;

the latter permits amendments for any defect, mistake, or informality in the writ or complaint.

The earliest case, which might be considered apropos of the instant problem, is *Hilton vs. Osgood,* 49 Conn. 110. In that case the plaintiff desired to substitute the correct party defendant. To be sure, the statute concerning substitution of proper parties defendant was involved, under which such an amendment could be allowed at any stage of the case. The Court said (p. 112):

> "It is further said by the defendant that, even if another defendant could have been added by way of amendment before the process was abated by the court, yet it can not be done after such abatement, because the case is then out of court. We see no reason why such an amendment cannot be allowed after the abatement as well as before. We have an ancient statute which provides that 'if any plea in abatement of any process be ruled in favor of the defendant, the plaintiff may amend the defect on paying to the defendant his costs to that time' . . . We see no reason why this statute does not apply to the case, and allow the amendment if it could have been allowed in any stage of the case."

Another case throwing some light on this question is *Butterfield vs. Brady,* 111 Conn. 112, wherein there was a defective recognizance.

The defendant in this case pleaded in abatement after he had chosen to ask for a new and sufficient recognizance due to certain irregularities in the recognizance which he claimed voided it. The Court said that having made his choice of remedy he waived the defect as far as the plea in abatement was concerned; that although the requirements of the statute were not observed, and the failures to observe them were serious irregularities, they did not destroy the jurisdiction of the Court, although if pleaded by the defendant they would have abated the action. The Court then said, on page 113: "The requirement of the recognizance was for the sole benefit of the defendant"; and on page 114 said: "The defendant having taken his position with knowledge of the facts, together with a belief that the irregularities in the recognizance voided the writ instead of merely making it voidable, cannot afterward be permitted to take a position inconsistent . . ." I judge from this statement that the belief of the defendant

that the irregularities voided the writ was erroneous. They made the writ merely voidable.

In *New Haven Loan Co. vs. Affinito*, 122 Conn. 151, an appeal to the Court of Common Pleas was to the "next term of the Court of Common Pleas." This was defective. A plea in abatement was sustained. The plaintiff sought to amend by substituting the words "next return day" for the words "next term." The plea in abatement was the appropriate remedy for such an irregularity. The Court, in speaking of the attempt to amend, relied on section 5536 of the General Statutes, Revision of 1930, concerning circumstantial defects, and then referring to section 5538, upon which the instant plaintiff relies, said the amendment should have been allowed.

Section 5538 provides: "If any plea in abatement of any process be ruled in favor of the defendant, the plaintiff may amend the defect on paying to the defendant his costs to that time. . . ."

Our policy regarding amendments is one of liberality. This idea is illustrated particularly by the three cases referred to above, in all of which serious defects were held to be subject to correction by amendment. One of the cases concerned a defective recognizance, and the Court held, if I read it aright, that it did not make the writ void but voidable.

So in the instant case, while the defect subjected the writ to abatement, it did not make it void but voidable. This being so, it could be amended, as the plaintiff seeks here to do.

However, by section 5538, the granting of an amendment is made subject to the plaintiff "paying to the defendant his costs to that time"; that is, to the time of sustaining of the plea in abatement. This requirement seems clear and definite.

The permission to amend may stand and in accordance with the statute, the plaintiff is ordered to pay the defendant his costs to the time of the sustaining of the plea in abatement.