**TUBLITZ et al. v. HIRSCHFELD et al.**

**No. 164.**

District Court, E. D. New York.

May 29, 1940.

Apfel & Apfel, of New York City (Joseph R. Apfel, of New York City, of counsel), for plaintiffs.

Herbert F. Hastings, Jr., of New York City (Edward F. Sweeney, of New York City, of counsel), for defendants.

ABRUZZO, District Judge.

This is a pretrial hearing to dispose of the issues raised by the first affirmative defense set forth in the answer of the defendants. This defense raises the issue that the cause of action herein is barred because it was not brought within the period of time allowed therefor under the laws of the State of Connecticut.

On August 2, 1937, a collision occurred in the State of Connecticut between an automobile owned by one of the plaintiffs and the automobile owned by the defendant Isidor Hirschfeld. It is conceded that the plaintiffs have at all times from the happening of the accident to date been residents of the State of New Jersey. It is similarly conceded that from the happening of the accident to date the defendants have been residents of the State of New York.

The State of Connecticut has a one-year statute of limitations (Section 6015 of the General Statutes of the State of Connecticut), which provides as follows:

"Sec. 6015. *Limitation of action for injury to person or property.* No action to recover damages for injury to the person, or for an injury to personal property caused by negligence, shall be brought but within one year from the date of the injury or neglect complained of."

Section 5473 of the General Statutes of the State of Connecticut provides in substance that in any civil action brought against any nonresident on account of any claim for damages resulting from the alleged negligence of such nonresident, the commissioner of motor vehicles of Connecticut shall be deemed to have been appointed as the attorney for the nonresident upon whom process shall be served.

Section 6022 of the General Statutes of the State of Connecticut provides that in computing the time limited in the several cases mentioned, the time during which the party, against whom there may be any such cause of action, shall be without the state shall be excluded from the computation.

It is conceded that the plaintiffs did not commence this action until more than one year after the accident. It is also evident that the defendants were undoubtedly absent from the State of Connecticut so that personal service could not be made on them. It is the defendants' contention that the statute of limitations of the State of Connecticut bars this action as provided by Section 6015.

The plaintiffs contend that under Section 6022, the statute of limitations was tolled. They also contend that Section 5473 is unconstitutional. The plaintiffs further assert that in view of the express language of Section 6022, the involuntary designation of the commissioner of motor vehicles of the State of Connecticut as attorney for the defendants upon whom process may be served did not keep the statute running so as to bar the instant action.

It is fundamental in reaching a conclusion to the issue raised by these three points that the law of Connecticut necessarily applies. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The highest court of the State of Connecticut construed these statutes of Connecticut in Coombs v. Darling, 116 Conn. 643, 166 A. 70, 71, holding as follows:

"Service of process under section 5473 is merely a substitute for service upon the person of the defendant in the usual manner. A literal application of the provisions of section 6022 to an action begun under section 5473 would permit a plaintiff to begin such action against a nonresident at any time before the total period the latter had been within the state amounted to one year. Moreover, section 5473 relates only to actions for the negligence of a nonresident in the operation of a motor vehicle upon the public highways of this state, and to apply to that situation the provisions of section 6022 would give to the plaintiff in such action a very much more extended right than a plaintiff would have against nonresidents in actions of any other nature. We cannot attribute to the Legislature an intention to produce such a result, and we hold that it meant to substitute in that class of cases service upon the motor vehicle commissioner in place of service upon the person of a nonresident within the state, with the incidents which follow upon such service, including the same application of the [one-year] statute of limitations.

"Our conclusion, therefore, is that in actions begun under section 5473, the provisions of section 6015 apply and those of section 6022 do not. The action must be brought within one year from the injury or neglect complained of.

"As in this case more than one year had elapsed after the neglect and injury of which complaint is made before the action was brought, it was barred by the statute of limitations.

"There is no error.

"In this opinion the other Judges concurred."

It is therefore clear that the instant action comes squarely within the purview of Coombs v. Darling, supra. The cases cited

by the plaintiff were not Connecticut cases and do not apply.

Therefore, the action of the plaintiffs is barred by the statute of limitations of the State of Connecticut.

Settle order on notice.