Norman Dairy, Inc. v. International Brotherhood of
Teamsters, Chauffeurs, Stablemen and Helpers
of America, Local No. 338, et al.

Superior Court        Fairfield County        File No. 77260

Memorandum filed June 26, 1951.

*Gordon & Kuriansky,* of Stamford, for the Plaintiff.

*Marsh, Day & Calhoun,* of Bridgeport, *Peter J. Ryan,* of
Stamford, and *Gordon, Fitzgerald & Riley,* of Hartford, for
the Defendants.

CORNELL, J.   This memorandum is an explanation of that
filed on January 30, 1951, (document No. 44 in the file) be-
cause, at least one of the parties seems in doubt as concerns the
rationale underlying the conclusions reached therein.   The first

count of the complaint alleges a conspiracy in which the de-
fendant International Brotherhood, hereinafter called the "In-
ternational," was a participant, to "injure and destroy the
good will, trade, business and property" of the plaintiff. The
latter is a Connecticut corporation engaged in the business of
buying, selling, processing and distributing, at wholesale and
retail, milk, cream and dairy products," etc. The defendant
International is described as a nonresident voluntary association
which "conducts its activities, operates and does business within
the limits of Fairfield County in Connecticut," together with
certain of its named officers, individually, all of whom are resi-
dents of the state of New York.

The first count of the complaint alleges that the tort sued
upon occurred on January 26, 1946. At that time and until
July 3, 1947, the only means by which a valid judgment in
personam could be had against a voluntary association, all of the
officers of which were nonresidents of this state, was by service
of process on its presiding officer, secretary or treasurer within
this jurisdiction, if either of these could be found here. *Coombs
v. Darling,* 116 Conn. 643, 645. However, effective July 3,
1947, an alternative method was provided by permitting service
of process on the secretary of state who is deemed to be its at-
torney for the purpose, followed by certain other formalities,
where all its officers are nonresidents but the organization is
"doing business, acting or carrying out its operations or its
functions within the state." General Statutes, Cum. Sup. 1947,
§ 1421i (now General Statutes § 7776); *Coombs v. Darling,*
supra. The applicable Statute of Limitations is General Statute,
§ 8316. This provides that "No action founded upon a tort
shall be brought but within three years from the date of the
act or omission complained of." The instant suit was originally
commenced in purported compliance with § 1421i on February
20, 1948. Since the conspiracy allegedly occurred on January
26, 1946, this was well within the period limited by the statute
(§ 8316). Insofar as it applied to defendant International, how-
ever, the writ was abated because of a defect in the service of
process and judgment abating it entered, accordingly, on Sep-
tember 1, 1949.

On September 19, 1949, plaintiff applied for and was granted
permission to amend the process in the respect which was the
cause of abatement and an order of court was entered directing

that service be made on the International in accordance with § 1421i, in a manner calculated to cure the defect. Service of process pursuant to this order was accomplished on October 19, 1949, which was three years, eight months and twenty-two days after the date of the commission of the tort alleged or more than eight months beyond the three-year period limited in § 8316.

With these facts of record, the defendant International, on November 24, 1950, in a special defense pleaded that the right of action against the International "did not accrue within three years next before the commencement of the action against the defendant. . . ." The plaintiff in its reply, after reciting that the presiding officer, secretary and treasurer of the International are nonresidents of this state, so that said defendant was beyond reach of process such as would support a judgment in personam against it until July 3, 1947, upon the passage of § 1421i of the 1947 Supplement, pleaded that the running of the Statute of Limitations (§ 8316) was barred so far as service of process to support a personal judgment against it could be had, by virtue of § 8330 of the General Statutes. The last mentioned section provides: "In computing the time limited in the several cases aforesaid, the time during which the party, against whom there may be any such cause of action, shall be without this state, shall be excluded from the computation." The demurrer raises the question whether § 8330 is applicable to actions commenced under § 1421i (now § 7776 of the General Statutes) where, as here, a substantial period of time had elapsed since the commission of the tort before § 1421i, became effective and, therefore, available to a plaintiff. It is thus connoted that both the plaintiff and the defendant International, make the common assumption that § 8316, supra, applies to the plaintiff. This ignores the effect of General Statutes, § 7847, which provides in part: "If any plea in abatement of any process be ruled in favor of the defendant, the plaintiff may amend the defect on paying to defendant his costs to that time."

While the International in its application to amend the writ after the plea in abatement was sustained did not mention § 7847 by specific designation, it is apparent that it proceeded under that section in applying for leave to amend the writ after the plea in abatement was sustained. "The object of this statute is obvious. It was to save the loss of time, and the additional expense, which would be caused by the bringing of a new suit

to determine the merits of the controversy. . . ." *Hilton* v. *Osgood,* 49 Conn. 110, 111, approved and followed in *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 530. The statute and the cases mentioned connote that when the plea in abatement was sustained the case was not ended. The cause of action still subsisted subject to an amendment which might cure the defect upon which the plea in abatement was granted. Such an amendment may be made after judgment of abatement has been entered, as well as before. *Hilton* v. *Osgood,* supra, 112. The period within which a writ may be amended after abatement, under authority of the statute, is not in issue under the pleadings here. The significant fact is that the entry of judgment in abatement did not terminate the action based on service of the original writ, since that process was subject to amendment under the provisions of § 7854. In this respect the effect of § 7847, although the underlying reasons differ, is analogous to § 8332 of the General Statutes relative to "accidental failure of suit" as to which the latter is held to extend the period fixed by the applicable Statute of Limitations within which an action may be commenced, after it has been dismissed or abated for any of the reasons enumerated therein. *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 397; *Chouinard* v. *Wooldridge,* 102 Conn. 66, 70; *Johnson* v. *Wheeler,* 108 Conn. 484, 486-488; note, 132 A. L. R. 292, 328. Palpably, § 8332 permits the institution of a new action to be commenced within the time limited therein in cases where the original action "shall have one or more times to be tried on its merits" for any of the reasons stated therein. It contemplates a final judgment though not one on the merits in a preceding suit for the same cause or substantially that. Section 7847 offers a plaintiff opportunity to avoid the rendition of a final judgment in instances within its purview by affording a plaintiff the right to amend defective process which has been abated and thereby avoid "the loss of time, and the additional expense, caused by the bringing of a new suit to determine the merits" upon the payment of costs to that time—a condition which was met in the instant case. *Hilton* v. *Osgood,* 49 Conn. 110, 111.

The foregoing is intended to support the following conclusions: (1) the special defense setting up the Statute of Limitations, § 8316, is insufficient because it appears in the pleadings that the action was commenced within the three-year period limited therein. The fact that the process was amended and new service made more than three years after the date of the

commission of the tort complained of does not alter this fact, since it is the original service and not that following the amendment of the writ which determines whether or not it is commenced within the period fixed in the applicable Statute of Limitations, upon the record presented here; (2) the reply to the special defense pleading § 8330 merely perpetuates the error inherent in the special defense since the latter could have no application unless § 8316 applied. The demurrer to the reply is, therefore, based upon a false premise and is, in consequence, addressed to a wholly academic matter and not to the merits of the controversy.

The demurrer to the reply to the International's special defense is, for the reasons noted, overruled. The time within which defendant International shall further plead as prescribed by Practice Book, § 85, shall date from the time that this memorandum is filed in the office of the clerk and not when the previous memorandum of decision on the demurrer to reply to defendant International's special defense (document No. 44) was filed.