**Angelina COLELLO and Joseph J. Colello, Plaintiffs,**

v.

**Eric E. SUNDQUIST, Defendant.**

United States District Court
S. D. New York.
Aug. 1, 1955.

**650**

William Auerbach, New York City, for plaintiffs.

Evans, Orr, Walsh, Gourlay & Pacelli, New York City, William F. Laffan, Jr., Elmhurst, N. Y., of counsel, for defendant.

DAWSON, District Judge.

This is an action brought by a husband and wife, citizens of New Jersey, against a citizen of New York for personal injuries suffered by the wife as a result of an automobile collision in Connecticut on September 20, 1953. The defendant has moved for a judgment on the pleadings under Fed.Rules Civ.Proc. rule 12(c), 28 U.S.C.A. on the ground that the action is barred by a one-year Connecticut statute of limitations. The summons was received by the marshal for service on March 15, 1955 and served one week later.

The defendant, in support of his motion, contends that the Court must apply the same statute of limitations that the New York State Courts would apply, and that those Courts would apply the Connecticut statute of limitations. N.Y. Civil Practice Act, § 13. The applicable Connecticut provision is Gen.Stats.1949, § 8324, which sets a one-year limit.

The plaintiffs contend that Connecticut law, being foreign law, must be proved as a fact and hence is not before the Court on this motion. They also contend that even if it were before the Court, the motion must be denied as the one-year limitation has been tolled by Conn.Gen.Stats.1949, § 8330 since "The probability is that the defendant being a resident of the State of New York * * * would hardly have been presumed to have constantly resided in the State of Connecticut for more than one year after the accident."

In reply, the defendant contends that the tolling provision does not apply to automobile accident cases where service of process can be made on the Commissioner of Motor Vehicles. Conn.Gen. Stats.1949, § 7779.

■ In a diversity case, the Federal Courts must apply the statute of limitations of the state where the Court is located—in this case New York. Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; cf. Wells v. Simonds Abrasive Co., 1953, 345 U.S. 514, 73 S.Ct. 865, 97 L.Ed. 1211. This is true even where the cause of action arose in another state, cf. Klaxon v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Cope v. Anderson, 1947, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602.

■ The New York statute of limitations provides that the limitation of the state where the cause of action arose governs. Civil Practice Act, § 13. Since the injury occurred in Connecticut, the statutes of limitations of that State are thus made applicable.

■ Before examining those statutes, plaintiffs' contention that they must be proved as facts, along with their interpretation, has to be considered. This contention is unsound. See Zell v. American Seating Co., 2 Cir., 1943, 138 F.2d 641, 643, rev'd on other grounds per curiam, 1944, 322 U.S. 709, 64 S.Ct. 1053, 88 L.Ed. 1552; Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90; Indiana Nat'l Bank of Indianapolis v. Goss, 7 Cir., 1953, 208 F.2d 619.

■ Furthermore, the New York Civil Practice Act, § 344–a, permits a Court to take judicial notice of the laws and decisions of sister states, see Federal Rule of Civil Procedure No. 43(a).

■ The question as to whether this action is barred by the Connecticut statute of limitations comes down to whether the tolling provision, § 8330, applies to cases arising out of automobile accidents allegedly caused by non-residents where service of process can be achieved through the medium of the Commissioner of Motor Vehicles despite the defendant's absence from the state, § 7779. On this point, the law of Connecticut seems to be clear that since the reason for the tolling provision is not present in this case, the provision is inapplicable. Coombs v. Darling, 1933, 116 Conn. 643,

166 A. 70. On the question of the effect of non-resident motorist statutes on tolling provisions, Coombs v. Darling is apparently in accord with the majority rule, 17 A.L.R.2d 502, 516–518 (1951).

The conclusion here reached is supported by Tublitz v. Hirschfeld, 2 Cir., 1941, 118 F.2d 29 affirming D.C.E.D.N.Y. 1940, 33 F.Supp. 12. That case involved almost identical facts and contentions except for the absence of any doubt cast on the ability to take judicial notice of Connecticut law.

The defendant's motion for judgment on the pleadings is granted. So ordered.