Alfred M. DECKER, Morgantown, Kentucky, Plaintiff,

v.

Robert M. BOYLE, as Administrator of the Estate of Charles H. Boyle, Deceased (Leila Y. Post Montgomery Hospital, Battle Creek, Michigan), Defendant.

Civ. A. No. 6127.

United States District Court
W. D. New York.

June 25, 1957.

As Amended on Denial of Rehearing
Oct. 1, 1957.

H. S. Horen, Louisville, Ky. (Maurice Lutwack, Buffalo, N. Y., of counsel), for plaintiff.

Gleason, Fitzpatrick, O'Connor & O'Brien, Buffalo, N. Y., for defendant.

MORGAN, District Judge.

This action arises out of an automobile accident, which occurred on March 8, 1953, while the plaintiff was a passenger in an automobile owned and operated by the defendant, eastwardly on U. S. Highway #42, one (1) mile west of Florence, Kentucky, which ran off the road into a ditch, killing the driver (defendant testator) immediately and seriously injuring the plaintiff passenger.

A chronological statement of events is helpful. The accident happened March 8, 1953 in Kentucky. On March 16, 1953 in Erie County, New York, Surrogate's Court, Robert M. Boyle was duly appointed Administrator of the decedent, Charles H. Boyle.

It is important to note that as a part of his petition, decedent-defendant's Administrator verified a statement desig-

nating the Clerk of the Surrogate's Court of Erie County, New York, for service of process, if he was not available.

On March 6, 1954, the plaintiff, represented by a Kentucky attorney through local counsel, filed in the office of the Clerk of this Court an action in negligence, and claimed, by reason of the result of the accident, the sum of $50,000 on behalf of the plaintiff.

Under the Kentucky law, Kentucky Revised Statute Annotated, Baldwin 1943 Revision, now in full force and effect, as evidenced by the affidavit of the plaintiff's original attorney, H. Solomon Horen, verified the 12th day of June, 1957, Section 413.140 so far as relevant reads as follows:

"Actions to be brought within one year."

"(1) The following actions shall be commenced within one year after the cause of action accrued:"

Section 413.250 in its entirety reads:

"When action commences."

"An action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action."

Further quote from section 413.190 as to the result of absence from the state (of Kentucky) or obstruction of action is not apposite as it limits to actions against a resident of the State of Kentucky.

Under New York law, section 49 of the Civil Practice Act reads so far as pertinent, "The following actions must be commenced within three years after the cause of action has accrued: * * * 6. An action to recover damages for an injury to property, or a personal injury, resulting from negligence." An action accrues at the time of the happening of the event, in this case, March 8, 1953. The defendant moves, under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for judgment on the pleadings, on the ground that the cause of action alleged in the complaint accrued more than one year prior to the date upon which this action was commenced and is therefore barred from the one year Statute of Limitations of the State of Kentucky. The plaintiff filed a cross-motion for an order striking out the first affirmative and second affirmative defenses to plaintiff's complaint as alleged in defendant's answer on the ground that said defenses are redundant, insufficient and sham. Such defenses are that the cause of action alleged in the complaint herein arose in the State of Kentucky and accrued more than one year prior to the date on which this action was commenced, and secondly, that the cause of action alleged in the complaint accrued more than three years prior to the date upon which this action was commenced and is barred by the New York Statute of Limitations.

The complaint was filed in the office of the Clerk of this Court on March 6, 1954, at which time the Clerk of this Court, pursuant to the provisions of subdivision (a) of Rule 4, forthwith issued a summons and delivered it for service to the Marshal. However, at that time, as evidenced by a note of the then Clerk, or one of her deputies, and as admitted by each party upon the argument of the cross-motions, when the plaintiff filed the complaint and paid the filing fee therefor through local counsel, the Clerk's Office was asked to retain the complaint and not issue a summons for service since the whereabouts of the defendant-administrator, Robert M. Boyle, was unknown. This is further evidenced by a written note of the Clerk of Court of the Western District of New York, "Please issue summons as of March 6, 1954 and ask Marshal to hold service until deft. returns to N. Y. State or permission to serve his attorney is obtained." It also contains this quote, "Hold—March 8, 1954", and further shows a call on April 22, 1954 with the word *"Hold"*. The case was on the November 1955 calendar for dismissal for want of prosecution. At that time, Honorable Harold P. Burke, Chief Judge of this Court, stated "Plaintiff's attorney knew on receipt of Flynn's letter November 11, 1955 that defendant

could not be found. (attached) Apparently has done nothing since."

Thereafter, three separate and distinct attorneys have had motions before this court to save the case from dismissal for want of prosecution.

The important feature is that on the affidavit of Maurice Lutwack, the present local counsel for the Kentucky attorney for the plaintiff, in his memorandum filed on this motion says, "That on or about March 12, 1957 a summons was duly issued out of the Western District Court, which summons, together with the complaint, was served on March 13, 1957 by a United States Marshal upon the Clerk of the Surrogate's Court of Erie County, who was designated to receive process in the Estate of Charles H. Boyle, Deceased." Thus a great deal of time has been taken to save this case from dismissal, when the same act which occurred on March 13th, 1957, to wit, the service on the Clerk of the Surrogate Court, *could have occurred* at any time subsequent to March 13, 1953 and, if within one year and eighteen months thereafter, would have been good service. It strains credulity to assume good faith for four years.

■ Much as this Court regrets the necessity of withdrawing from the plaintiff his right of action under the above set of facts, the action is barred, whether under the Kentucky statutes or the New York statutes. This point has been clearly and succinctly stated by Honorable Archie Dawson, Judge of the Southern District of New York, in an opinion reported as Colello v. Sundquist, on August 1, 1955, in 137 F.Supp. 649; see, also, Myers v. Slotkin, D.C., 13 F.R.D. 191. On the basis of that case, the motion of the defendant above named is granted for judgment on the pleadings, as there is no doubt that the Statute of Limitations was, as required by New York law, affirmatively pleaded at the time of defendant's answer of April 22, 1957. This defense is good under sections 13, 16 and 21 of the New York Civil Practice Act.

Order may enter.

## On Motion for Reargument

Plaintiff requested under date of July 13, 1957 that this court entertain a motion for reargument of the issue determined by order of this court granted and entered July 1, 1957. That order dismissed the complaint by reason of the fact that a diversity of citizenship action for personal injuries by a non-resident in a United States District Court called for the application by that court of the New York law, and gives the non-resident no greater benefit in a United States District Court than he would have in the State Court when action was brought.

■ Plaintiff urged that because there was no comparable non-resident motor vehicle statute in Kentucky, when defendant was the decedent, and because the Kentucky Court had dismissed the action brought against defendant by service on an official of Kentucky, that plaintiff was unfortunately barred both in Kentucky and New York. For the reasons heretofor assigned, the argument is ineffectual. Applying the law of New York, a non-resident plaintiff, such as plaintiff Decker, must, under section 13 C.P.A., bring such action within the shorter limitation of time (in this case, Kentucky; 1 year). Even adding the eighteen months under C.P.A. section 21, the cause of action above stated was limited, unless commenced on or before September 3, 1955. Furthermore, rule 3 F.R.Civ.P. does not determine commencement of an action, but rather section 16 C.P.A. which requires service and not mere filing. See Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Myers v. Slotkin, D.C., 13 F.R.D. 191; Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Colello v. Sundquist, D.C., 137 F.Supp. 649.

The relief requested by plaintiff in the reargument is denied. As the original file indicates an appeal from the order of July 1, 1957, any appeal from the order pursuant to this decision should be consolidated therewith, and should include

all papers and documents referred to in the opinion of this court of June 25, 1957, which opinion shall be amended to eliminate errors.

Enter order accordingly.