[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This case is an action on written contract or note. The plaintiff admits that the last payment on the note was made on July 28, 1988; the note has been in default since July of that year. This suit was not initiated until January 1995. The applicable statute of limitations is § 52-576(a) of the general statutes which provides that a cause of action on this type of claim must be brought within six years of its accrual. The defendant has moved for summary judgment claiming the cause of action expired in July of 1994 several months before suit was brought.
The standards for deciding whether a motion for summary judgment should be granted are well known, such a motion should not be granted if there is a genuine issue of material fact. If one is found, however, it is not for the court to decide it.
The defendant claims that in this case the statute of limitations should be extended eight months until March 27, 1995.
The defendant claims the statute should be extended five months pursuant to the provisions of the Fair Debt Collection Practices Act 15 U.S.C. § 1692g(b) and Connecticut's Act § 35-243c-5(g). The defendant claims there should be an additional CT Page 13801 extension of three months under § 52-590 of the general statutes.
1.
The defendant does not appear to contest the fact that he disputed the note for a five month period from June 1994 to October 1994. Apparently he claimed his signature on the note was a forgery.
The plaintiff refers to 15 U.S.C. § 1692g(b) which says in relevant part:
 . . . if the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section that the debt or any portion thereof is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt. . . .
The false representation of the character, amount or legal status of a debt is a violation of § 1692 e(2)(A) of the act. As the plaintiff notes a debt collector would violate the act if it does not use reasonable care to ascertain the debtor's correct identity, Beattie v. D.M. Collections Inc., 754 F. Sup. 383, 392
(D. Del. 1991); the Federal Act provides for civil penalties, see § 1692k.
The defendant does not claim that the plaintiff was dilatory in investigating the claim of forgery. If the federal act applies it would be fair and required by the Supremacy Clause of the United States Constitution that a debtor be estopped from raising a state statute of limitations defense and that such a state statute be tolled while the debt collector investigates a claim of forgery.
The defendant doesn't seem to dispute this proposition but rather argues that the plaintiff should not be allowed to take advantage of any protection the federal act might afford under the circumstances of this case.
The defendant notes that § 1692g(b), requires that a debt collector give a consumer notice as set forth in the previous subsection, § 1692g(a). The consumer must act within thirty CT Page 13802 days of proper notice before § 1692g(b) would act as a bar to collection activities. The defendant claims, although he doesn't establish by affidavit, that the plaintiff did not give the notice required under § 1692g(a). In fact failure to give proper notice is itself a violation of the act, Frey v. Gangwish,970 F.2d 1516 (CA 6 1992). The defendant goes on to say that the fact that the defendant came to the plaintiff to institute a forgery claim "was completely fortuitous in nature." The defendant goes on to argue in its brief that the plaintiff should not be allowed to engage in unfair debt collection activities while at the same time being allowed to use the same statute, barring those activities, as a "shield against the statute of limitations", see p. 8 of 6/17/95 brief.
I find it difficult to follow this argument. Clearly if the plaintiff has violated the provisions of § 1692g(a) it is subject to suit under the federal act. But subsection (a) is merely a notice provision alerting the consumer of his or her right to dispute the debt. If the consumer, whether or not properly notified, whether fortuitously or not, in fact notifies the debt collector of the dispute them the debt collector must "cease collection activities." The defendant can hardly claim the debt collector's obligation to cease collection activity doesn't operate if the debtor's dispute wasn't brought to its attention, as a result of the required statutory notice — that would stand the notice provision on its head. The point is the debtor raised the dispute, the debt collector by law had to cease collection activities; that in itself should serve to toll the statute while the dispute is being investigated. Should the debt collector after violating the act by failing to give proper notice further violate the act by bringing suit? Or, put another way, (1) if the debtor in fact notifies the debt collector of a dispute despite the fact that he or she didn't receive notice from the creditor (2) if the debt collector can be separately sued for failure to give such notice, (3) if the debt collector upon this notice ceases collection activity while the dispute is being investigated — how is the debtor being prejudiced if the statute is tolled anymore than if the debtor made known the dispute after receiving proper notice? The prohibition against collection activities while the dispute is being investigated is for the debtor's protection. If proper investigation and verification is conducted that's all the statute sought to accomplish by requiring notice.[1]
2. CT Page 13803
The plaintiff claims the statute of limitations should be extended a further three months because the defendant was out of state for three months. Section 52-590 of the general statutes provides that "the time during which the party, against whom there may be any such cause of action is without this state shall be excluded from the computation's of the time period of the statute of limitations. The defendant makes two arguments. First he argues that the plaintiff could have served the defendant while he was without the state pursuant to the long arm statute, § 52-59b. Secondly he argues the defendant's absence from the state was only temporary so that § 52-590 is not applicable.
(a)
The purpose of § 52-590 is to exclude from the computation of the limitation period those periods when the defendant is out of state — this preserves the right of action during the period when the defendant cannot be served. Thus the defendant argues the bar of the statute shouldn't be postponed by failure of the creditor to avail itself of any means within its power — such as the long are statute — to prosecute and preserve the claim, cf Bertha Building Corp. v. National Theaters Corp.,248 F.2d 833, 835, 836 j (CA 2, 1957) Banana Distributions Inc.v. United Fruit Co., 269 F.2d 790, 794 (CA 2, 1959), Cores v.Cotton, 31 Conn. App. 569, 573 (1993), Coombs v. Darling,116 Conn. 643, 645 (1933).
Although I couldn't find any case on point, I don't believe it's fair to let this reasoning apply in a situation where the plaintiff did not know or have reason to know the defendant was out of state and in fact where the defendant debtor was obliged under the terms of the note to inform the creditor of any change in address. He did not do so but in his affidavit claims he moved out of state and had left a forwarding address with the postal authorities. I believe it should be a predicate to a position that seeks to argue that a plaintiff should not be able to rely on § 52-590 that the defendant establish that the plaintiff acted unreasonably in not for example taking advantage of our long arm statute under all the facts and circumstances of the case. I believe such a determination presents a material issue of fact. Alternatively, if the contract between the parties defines the notice the debtor is to give to the creditor regarding change of address, since that obviously bears on statute of limitations questions, perhaps that should set the standard of reasonable CT Page 13804 behavior required of the creditor before relying on § 52-590. Under either view on the status of this record view the plaintiff shouldn't be barred from relying on § 52-590 since the defendant was in fact out of state.
(b)
The defendant also argues that § 52-590 in excluding time spent "without the state" does not allow "temporary absences" to be taken into account. Clegge v. Bishop, 105 Conn. 564, 569
(1927): "The exclusion from the computation of the period under the statute of limitations of the time when the defendant is without the state has no relation to the temporary absence of the defendant when domiciled or resident in the state."
Based on the affidavit submitted by the defendant I am not prepared to decide as a matter of law where the defendant was domiciled or in which state he was a resident — it would appear that he tries to construct his affidavit in such a way that he is a non-resident for purposes of a long arm statute analysis but a resident for the purpose of advancing the claim that his absence from Connecticut was only temporary. Besides even as to whether his absence was "temporary," given the fact he was out of the state for three months I can't say that was a temporary absence as a matter of law, cf Cortes v. Cotton, at 31 Conn. App. page 575.
The motion for summary judgment on the special defense (whose procedural propriety no one raised and I just noticed) is in any event denied.
Thomas Corradino, Judge