## AMERICAN MOTORISTS INS. CO. for Use and Benefit of SMITH v. MANHATTAN LIGHTERAGE CORPORATION.

United States District Court
S. D. New York.
June 28, 1948.

Samuel M. Cole, of New York City (Nathaniel A. Rankow, of New York City, of counsel), for plaintiff.

John P. Smith, of New York City (Joseph A. Minch, of New York City, of counsel) for defendant.

COXE, District Judge.

This is a motion by the defendant for an order dismissing the complaint and granting judgment in its favor on the ground that the cause of action alleged is barred by the three-year Statute of Limitations.

The complaint alleges that Michael Smith, Jr., the use plaintiff, was an employee of the Union Stevedoring Corporation, which was engaged in loading and stowing cargo aboard the boat "Jack Leach," owned by the defendant; that Smith, while so engaged on November 27, 1942, was injured as the result of the negligence of the defendant in failing to provide safe and proper hatch covers; that, in accordance with the provisions of the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., Smith became entitled to compensation from his employer; that plaintiff had insured such compensation obligation and had paid Smith such compensation, whereby, under the provisions of the Act, the cause of action which had accrued in favor of

336

Smith against the defendant became assigned by operation of law to his employer, and plaintiff, as its compensation insurance carrier, became subrogated to its cause of action against defendant. Wherefore, plaintiff demands judgment against defendant for such damages, for the use and benefit of Smith and itself.

It also appears from the affidavits submitted on the motion that the Deputy Compensation Commissioner, on January 1, 1943, made an award directing Smith's employer and plaintiff to make certain biweekly payments to Smith until his disability shall have ceased, or until otherwise ordered; that, prior to August 15, 1944, plaintiff made certain payments to Smith; that Smith entered the U. S. Navy in 1942, and was honorably discharged therefrom on January 31, 1947. The action was begun on January 30, 1948.

There is no federal Statute of Limitations fixing the period within which such an action as this shall be brought. Therefore, the New York State Statute of Limitations applies. Section 49 of the New York Civil Practice Act provides that actions to recover damages for personal injuries resulting from negligence must be commenced within three years after the cause of action has accrued. But Section 525 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A. Appendix, provides that:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law * * * for the bringing of any action or proceeding in any court * * * by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action * * * shall have accrued prior to or during the period of such service,".

The plaintiff's right, as insurance carrier, to bring the action exists by way of subrogation to the right of Smith's employer, the Union Stevedoring Corporation, to bring the action. Section 933(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. provides that:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

See Seas Shipping Co., Inc., v. Sieracki, 328 U.S. 85, 101, 102, 66 S.Ct. 872, 90 L.Ed. 1099; United States Fidelity & Guaranty Co. v. United States, 2 Cir., 152 F.2d 46.

Thus, the Union Stevedoring Corporation became the assignee of Smith, and, as he was in the military Service from 1942 until January 31, 1947, this period of approximately four years must be excluded in computing the period of three years from the date of the accident within which suit must be brought. It is obvious that, if the period of military service is excluded, the action was instituted well within the three-year period.

The defendant's motion to dismiss the complaint and to grant judgment in its favor is denied.