DOMINICK NERI, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.

Supreme Court, Special Term, Kings County, October 30, 1950.

*Albert Martin Cohen* for plaintiff.

*J. Roger Carroll* and *Joseph P. Carr* for defendant.

BELDOCK, J. 1. Motion by plaintiff to strike out the first, second and third affirmative defenses contained in defendant's answer on the ground of insufficiency under rule 109 of the Rules of Civil Practice.

2. Motion by plaintiff to vacate defendant's notice of examination before trial.

Plaintiff was employed as a stevedore by the Terminal Stevedoring Co., Inc. While so employed on a lighter owned by the defendant which was moored at a New York City pier, and while stepping from such lighter to another, also owned by the defendant, plaintiff claims to have fallen and sustained injuries through the alleged negligence of defendant in allowing an accumulation of snow and ice on the deck of the second lighter. The action is brought on a theory of common-law negligence.

As its first affirmative defense defendant alleges that plaintiff is subject to the provisions of the Federal Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, §§ 901–950) ; that pursuant to its provisions he was required to institute an action of this type within one year from the date of sustaining his injury; and that failing to do so, his cause of action is now barred.

The second affirmative defense is similar in nature, pleading as an additional bar, the failure of the plaintiff to file with the Federal Employees' Compensation Bureau a notice of election to sue a third party within one year from the date of the accident.

The third affirmative defense pleads " assumption of risk " by the injured employee plaintiff.

With respect to the first two affirmative defenses defendant relies upon subdivision (a) of section 13 and subdivision (f) of section 33 of the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 913, subd. [a]; § 933, subd. [f]).

Subdivision (a) of section 13 of such act provides: " The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."

Subdivision (f) of section 33 also provides: '' If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the Administrator of his election and institutes proceedings within the period prescribed in section 13, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Administrator determines is payable on account of such injury or death over the amount recovered against such third person.''

There is nothing contained in those sections which compels a plaintiff to commence his action against a third-party defendant within one year. Those sections merely indicate that in the event the workman elects to seek damages against a third-party tort-feasor as in this case, he may preserve his rights against his employer by giving notice to the Federal Administrator as prescribed in the act, within the year's period. The right which he has thus preserved is the right subsequently to recover from the employer any amount which the administrator '' determines is payable on account of such injury or death over the amount recovered against such third person.'' The statutory effect of failure to file the notice within the year's period is to release the employer of any liability to the injured workman (or in case of death, to his representative) for such excess. There is no prescribed statutory limitation on such action save the general one applicable to negligence actions. (See *American Stevedores* v. *Porello,* 330 U. S. 446, 456, and *American Motorists Ins. Co.* v. *Manhattan Lighterage Corp.,* 80 F. Supp. 335, 336.)

Nothing is specifically pleaded in these defenses as to what factually happened with reference to compensation payments. Section 14 of such act (U. S. Code, tit. 33, § 914) provides for the making of payments by an employer without an award. Mere acceptance of such compensation without an award does not operate to assign the workman's cause of action against a third party. (*American Stevedores* v. *Porello, supra,* p. 454.)

Accordingly the first and second affirmative defenses are legally insufficient and the motion to strike them from the answer is granted.

Respecting the defense of assumption of risk, the Appellate Division of our department in *Ricciardi* v. *American Export Lines* (268 App. Div. 606, 608, affd. 294 N. Y. 812) held: '' The third and fourth defenses, *supra,* (third defense referring to assumption of risk) are usually asserted by an employer; and here the complaint alleges that the plaintiff was in the employ

of a party other than defendant. The answer denies that allegation, and hence it was proper to permit the third and fourth defenses to stand." (Matter in parenthesis mine.) In the situation before this court the allegation in paragraph third of plaintiff's complaint " That at all the times herein mentioned, plaintiff was lawfully employed upon said lighters as a stevedore in the employ of Terminal Stevedoring Company, Inc.", is denied in paragraph " 1 " of defendant's answer. Accordingly the *Ricciardi* case (*supra*), is directly in point and thus the defense asserted is valid. The motion to strike the third defense is denied.

2. The motion to vacate the notice of examination before trial is granted as to item " 1 ". The complaint is an ordinary one in negligence. It is predicated upon plaintiff's asserted slipping on an accumulation of ice. No special showing of need for the examination is made. All necessary facts as to the first item should be available to the defendant by way of a bill of particulars.

In view of the elimination of defendant's first and second affirmative defenses on the companion motion decided simultaneously herewith, inquiry under the second item in defendant's motion of examination becomes unnecessary.

The burden of proof resting upon the defendant as to its defense of assumption of risk an examination on the third item will be allowed.

Settle order on notice in accordance with the foregoing.

The order providing for the examination before trial shall fix the time and place of the holding of the examination.