STANLEY HURWITCH, by his next friend, Frances Goldberg, Plaintiff, v. TALBERT LEE ADAMS and HUBERT C. AGNER, Defendants.

(*May* 18, 1959.)

CHRISTIE, J., sitting.

*John Biggs, III*, for plaintiff.

*George L. Sands* for defendant, Talbert Lee Adams.

*William Prickett* for defendant, Hubert C. Agner.

Superior Court for New Castle County, No. 512, Civil Action, 1958.

CHRISTIE, J.:

This is an action for personal injuries alleged to have been received by plaintiff as a result of an automobile accident which took place in Delaware on November 7, 1955. The action was filed on May 6, 1958.

Defendant Adams has moved to dismiss the complaint as to him on acount of the provisions of the one year statute of limitations applicable to personal injury actions. 10 *Delaware Code*, § 8118. Agner is alleged to have been the owner of the vehicle involved and Adams is alleged to have been the operator and the owner's agent at the time of the accident.

Defendant Agner originally filed a similar motion. However, Agner was in the military service at the time of the accident and continues to be in such service. Since the Soldiers' and Sailors' Civil Relief Act, 50 *U. S. C. A.* Appendix, § 525, tolls the period of limitations as to actions by or against servicemen, Agner has withdrawn his motion.

As to Adams' motion the pertinent statute reads as follows:

"§ 8118.   Personal injuries

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."

Plaintiff's claim against Adams is obviously barred by the statute unless special circumstances exist which bar or toll the running of the period of limitations. In an attempt to establish the inapplicability of the statute of limitations, plaintiff relies on the absence of Adams from the State during the period of limitations and also upon plaintiff's own alleged incompetence. Plaintiff also maintains that the Soldiers' and Sailor's Civil Relief Act, which clearly prevents the application of the statute of limitations as to the defendant Agner, must be deemed to also apply as to the civilian co-defendant Adams.

The facts essential for a determination of the motion are not in substantial dispute.

The record shows that neither of the defendants are residents of the State of Delaware. Personal service was not obtained. Instead, service was made upon the Secretary of State under the provisions of the statute providing for substituted service of process as to non-resident owners or operators of motor vehicles. Under that statute, such service when coupled with compliance with certain notice requirements is as "effectual to all intents and purposes as if made personally upon such non-resident within this State." 10 *Delaware Code*, § 3112.

Another statute provides as follows:

"§ 8116.   Defendant's absence from State

"If at the time when a cause of action accrues against any person, he is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, he may be served with process. If, after a cause of action shall have accrued against any person, he departs from and resides or remains out of the State, the time of his absence until he shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action."

The above statute appears in the same chapter as does the one year statute of limitations quoted at the beginning of this opinion.

Plaintiff argues that the statute of limitations is tolled by the absence of Adams from the State. A literal reading of the provisions of section 8116 tends to support plaintiff's view.

However, the obvious purpose and the only purpose of section 8116 is to allow reasonably diligent plaintiffs the statutory period within which to obtain service upon an absent

or once absent and later elusive defendant. Where service of process through substituted service was apparently available during the period of limitations and when there is no evidence that any attempt was made to obtain such service, it cannot be said that defendant Adams was "out of State" within the meaning of this statute. Indeed, within the meaning of this statute, Adams was present and available for service of process through his statutory agent, the Secretary of State.

It is argued by plaintiff that the constitutionality of substituted service is dependent upon the actual absence of the defendant from the jurisdiction. *McDonald v. Mabee,* 1917, 243 *U. S.* 90, 37 *S. Ct.* 343, 61 *L. Ed.* 608. It follows, plaintiff argues, that it would be in error for this Court to hold that the defendant was in the State, within the meaning of section 8116. Plaintiff's argument cannot prevail. There can be no question but that defendant Adams was outside the State and that the substituted service here used is available only if he was outside the State. However, the statute tolling the period of limitations as to those outside the State must be deemed to be limited by its clear and specific purpose so as to apply only to those who are outside the State and who are not otherwise subject to service of process in the State. The fictional presence of a defendant by an agent, imposed by law upon the defendant, brings the defendant within the State for purposes of service of process and the same fiction causes the period of limitations to run.

To hold otherwise would be to permit a plaintiff, who has a claim against a nonresident operator or owner of a motor vehicle, to ignore indefinitely his right to make use of substituted service of process and bring an action thereunder whenever he chooses without any regard whatsoever for the periods of limitations.

The law, as I have stated it, finds support in *Red Men's Fraternal Acc. Ass'n. of America v. Merritt,* 2 *W. W. Harr.* 1, 117 *A.* 284 (*Superior Ct.,* 1921), where this Court held that the

statute which now appears as section 8116 did not toll the statute of limitations as to a defendant which was a foreign insurance company since substituted service could have been obtained under another statute on such defendant by service on the State Insurance Commissioner, as agent for such defendant. See also *Klein v. Lionel Corp., D. C. Del.* 1955, 130 *F. Supp.* 725. There is a split authority in other jurisdictions as to whether or not a statute tolling a limitation period is applicable when substituted service is available. See the cases collected in 17 *A. L. R.* 2d 502. The view taken in the *Red Men's* case is listed in the annotation as the majority view and it is the law of Delaware on this point.

I conclude that 10 *Delaware Code*, § 8116 has no application to causes of action as to which substituted service is apparently available. There may be an exception to this rule where there is a clear showing that reasonable efforts were made within the period of limitations to meet the statutory requirements as to substituted service and that the failure to meet such requirements was connected with the absence of the defendant from the State, but there is no evidence of such circumstances in this case.

There is an allegation in the amended complaint that plaintiff, Stanley Hurwitch, who here sues by his next friend, is "an incompetent".

A State statute (10 *Delaware Code*, § 8115) governs the effect of incompetency upon the various statutes of limitations. It reads as follows:

"§ 8115. Savings for infants or persons under disability

"If a person entitled to any action comprehended within sections 8101-8114 of this title, shall have been, at the time of the accruing of the cause of such action, under disability of infancy or incompetency of mind, this chapter shall not be a bar to such action during the continuance of such disability, nor until the expiration of 3 years from the removal thereof."

Although the facts surrounding the allegation of incompetency are not established on the record, I shall assume, without deciding, that Stanley Hurwitch was mentally ill at such time or times as would entitle him to avail himself of the tolling provisions of section 8115, if such provisions apply to personal injury actions.

It is to be noted that the tolling statute is limited in its application to the sections therein specified. The one year statute of limitations applying to actions for personal injuries is clearly not among those to which the tolling provisions of section 8115 apply.

In the case of *Nigro v. Flinn*, 1937, 8 *W. W. Harr.* 368, 375, 192 *A.* 685, 688, plaintiff suffered personal injuries when she was seven years old. As an infant the injured party was in the same category as an incompetent person under the terms of what is now section 8115. She brought suit immediately after she became 21 years old. In applying essentially the same statutes as govern this action, this Court held that the one year statute of limitations applied and that it was not tolled by the infancy of the plaintiff. This case clearly establishes that the one year statute of limitations found in section 8118 is not subject to the tolling provisions found in section 8115.

Finally, plaintiff argues that since under the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 *U. S. C. A.* Appendix, § 525, the period of limitations may not run to bar a claim against Agner who is in the military service, the same provisions must be deemed to apply in like manner to claims against the civilian co-defendant. Otherwise, argues plaintiff, the purpose of the Soldiers' and Sailors' Civil Relief Act in setting a serviceman's mind at ease as to civil litigation would be defeated and important issues in which the serviceman has an interest might be litigated in his absence.

Plaintiff cites two cases in support of the contention that when the Soldiers' and Sailors' Civil Relief Act bars the running

of a statutory period of limitations as to a serviceman, such provisions extend to civilians involved in the same transaction and similarly situated. *Crawford v. Adams, Tex. Civ. App.*, 213 *S. W.* 2d 721. *American Motorists Ins. Co. for Use and Benefit of Smith v. Manhattan Lighterage Corp., D. C. S. D. N. Y.* 1948, 80 *F. Supp.* 335.

In each of these cases a civilian plaintiff successfully invoked the provisions of the Soldiers' and Sailors' Civil Relief Act in order to prevent the running of a statutory period of limitations against a claim in which those not specially entitled to the benefits of the federal act had some interest.

In the *American Motorists Ins. Co.* case the plaintiff was deemed to be in the shoes of the serviceman through subrogation. This case lends little support to plaintiff's contention as it applies to the case at bar.

However, in the *Crawford* case a civilian plaintiff and a plaintiff who had been in the military service were successful in asserting a claim as partners which would have been barred, but for the provisions of the Soldiers' and Sailors' Civil Relief Act. Apparently the non-military plaintiff could have asserted the claim in the absence of his partner but failed to do so. In upholding plaintiff's contentions, the Court relied on the "established law" in Texas "that the contracts and debts of a partnership are joined as to all members of the firm and several as to each of them." *Cf., Patrikes v. J. C. H. Service Stations, Inc.*, 1943, 180 *Misc.* 917, 41 *N. Y. S.* 2d 158.

These cases do no more than establish that incidental benefits of the tolling provisions of the Soldiers' and Sailors' Civil Relief Act may accrue to a plaintiff subrogated to the rights of a serviceman and to the partner of a serviceman where there is a joint right being asserted by the serviceman and his partner. I do not find these cases to be persuasive authority for holding that the application of the tolling provisions of the Soldiers' and Sailors' Civil Relief Act as to one defendant in a tort action,

results in a tolling of the limitations as to a civilian against whom the civilian plaintiff could have proceeded separately.

Although the Soldiers' and Sailors' Civil Relief Act was designed in part to assure the serviceman of peace of mind respecting civil litigation while he was in the service, the scope of the act was necessarily limited by practical considerations. The act did not purport to delay or to preserve the rights and duties as between those who are not entitled to its benefits or subject to its burdens. The act made no express attempt to affect litigation between two civilians even though such litigation might result in the creation of new rights or duties in respect to a serviceman.

The continuing presence of a civilian co-defendant in a civil action might contribute to the peace of mind of a defendant in the military service, but the federal act did not seek to relieve servicemen by such an approach, and this Court is not free to do so.

Although an act must be interpreted in view of its apparent purpose and this act is entitled to a broad interpretation for the benefit of those it was designed to assist, the interpretation of the act here urged by plaintiff cannot be reasonably implied even from such broad approach.

The fact that plaintiff's claim against one of the defendants is not barred in no way changes the law in respect to plaintiff's independent claim against the other defendant which claim is barred.

For the reasons stated, defendant Adams' motion to dismiss the complaint as to him is granted.