### EX PARTE WILLIAM A. WINNARD.

On the 5th day of September, 1864, applicant petitioned for the writ of Habeas Corpus, alleging that he was illegally restrained of his liberty, by N. J. Moore, enrolling officer for Nacogdoches County. Writ issued September 6th. Respondent, in his return, claimed to hold applicant as a deserter from conscription, and subject to orders. Applicant was enrolled June 28th; he is 43 years of age. Respondent permitted him to remain at home, pending his application for a detail, as a blacksmith; which application was refused by Gen. Greer, C. B. C., T. M. D.; and an order endorsed thereon, ordering applicant to camp of instruction, without delay. On the 27th of August, in obedience to said order, respondent ordered applicant to report for duty, to Col. D. B. Martin, C. C. D. T., at Rusk, within ten days: applicant disobeyed said order. Applicant was elected to the office of Justice of the Peace, on the 1st day of August. *Held*, that the enrollment of applicant placed him in the military service of the Confederate States, as part of the army, subject to the orders of its officers; and that 'his election to the office of Justice of the Peace, after such enrollment, does not constitute an exemption from such service.

Art. 180, Code of Criminal Procedure, is an authoritative injunction, upon the Judiciary, by the Legislature, not to discharge any one who is held by virtue of any legal engagement or enlistment in the army, or who, being rightfully subject to the rules and articles of war, is confined by any one *legally* acting under the authority thereof.

Art. 180, Code of Criminal Procedure, presupposes the right to make the inquiry by the writ of habeas corpus, and also to ascertain the facts which may constitute the legality or illegality of the restraint.

Under the laws of conscription, a legal enrollment is that which places a person in the military service of the Confederate States.

The transition from the walks of civil life, to the position of a soldier, is very great; and the facts which determine the change in a person's political status from a citizen, out of military service to a soldier in it, should be of a certain, definite character, calculated to put him upon his guard as to his new responsibilities.

Under the conscript laws, the enrollment of a person liable to military service, determines his status, as a soldier, in the army of the Confederate States; and subjects him to the orders of the military authorities, and the rules and articles of war.

The enrollment prescribed by the laws of conscription, is itself a species of muster, in which the party's name and personal description are placed on the roll by an officer.

An oath is not necessary to fix upon any one the character of a soldier, under our forced system, nor even in voluntary enlistments, when it is evidenced by other facts.

Under the exemption laws, a party to avail himself of an exemption to which he is entitled, must claim it.

The act of Congress of February 17th, 1864, does not, of itself, change the status of a civilian to that of a soldier, and subject him to the rules and articles of war.

Ex parte F. H. Coupland, page 5, cited and affirmed.

The proclamation issued by the Governor, on the 3d day of June, 1864, in obedience to the Joint Resolution of the Legislature, of May 28th, 1864, may be regarded as a certificate in behalf of each and every officer of the State.

In governments where there is an established division of powers, it is presupposed, in their creation, that no one power is competent to absorb the others.

In the formation of the State and Confederate Governments, it was contem-

plated that the two should harmoniously co-exist, as long as the system of government remained unchanged by the people, who made both, and delegated to them their separate or concurrent powers.

The co-existence of one department or government, with its peculiar exclusive and necessary rights, duties and powers, imposes upon every other department and government, a limitation upon the extent to which the general delegated powers of each can be exercised, though none be otherwise expressed.

Each department of government, and each government, in our system, must be confined within the scope of its delegated authority, and the powers of each, when questioned, can be inquired into.

Congress has no authority to pass a law conscribing the officers of a State.

The Joint Resolution of the Legislature, does not assert the right of the State Government to take a soldier, regularly enrolled, from the control of the Confederate States, and retain him as a civil officer.

Wherein the State and Confederate Governments have concurrent powers, the one to which the jurisdiction first attaches has preference, and the other must yield.

Appeal from the Judgment of the Hon. RICHARD S. WALKER, Judge of the 5th Judicial District, sitting in Chambers, at Nacogdoches.

*A. Clark,* for appellant.
*Attorney General,* for appellee.

ROBERTS, C. J., delivered the opinion of the Court, and cited the following authorities : Acts of Conscription and of Exemption, C. S. Congress; ex parte F. H. Coupland ; Williamson v. Berry, 8th Howard, 540 ; Elliot v. Piersol, 1 Peters, 328, 340 ; Jones v. Perry, 10 Yerger, 59 ; Holden v. James, Adm'r., 11th Mass., 396 ; The State v. Fleming, et. al., 7 Humph. 152 ; Dred Scott v. Samford, 19th Howard ; Taylor v. Porter, 4 Hill, N. Y. R., 146 ; Fletcher v. Peck, 8 Cranch, 87 ; Bennett v. Boggs, 1st Baldwin, 74 ; 1st Kent's Com., 488 ; Justice Chase's opinion, Calder v. Bull, 3 Dall., 386 ; Bowman v. Middleton, 1 Bays S. C. Rep., 252 ; Bonaparte v. The Camden & Amboy R. R. Co., 1 Baldwin, C. C. Rep., 223 ; Smith's Com., 251 to 309 ; Inhabitants of Medford v. Learned, 16th Mass., 215 ; Shelby v. Bacon, 10th Howard, 56.

Judgment affirmed.

MOORE, J., did not sit in this case.