## ALICE KROLL, Appellant, v. NEVADA INDUS-
## TRIAL CORPORATION, Respondent.

No. 3500

April 6, 1948.                    191 P.2d 889.

*Norman H. Samuelson,* of Reno, for Appellant.

*G. A. Ballard,* of Reno, for Respondent.

## OPINION

By the Court, HATTON, District Judge:

This case involves the question of whether or not a defendant may be bound by a judgment in this state, based upon a judgment obtained in another state upon process served on the defendant in his absence from the latter state. The method of service involved has been developed in the statutes of a number of states, including the State of Nevada, and grows out of an effort to bind, with a personal judgment, the out-of-state drivers of automobiles who may cause damage by their negligent driving in the state of visitation.

The undisputed facts of the case are set forth in the Stipulation and Agreed Statement of Facts entered into

in the lower Court and set forth in the Record on Appeal, as follows:

"It is hereby stipulated between the respective parties hereto by and through the undersigned, their counsel herein, that the demurrer of defendant to plaintiff's complaint be and the same hereby is waived and may be deemed overruled, and that defendant's motion to strike certain portions of the complaint be denied, and that said defendant be permitted to raise any objections on questions of law arising upon the appended Agreed Statement of Facts by motion for judgment at or before final submission of this cause.

"Agreed Statement of Facts

"A. Plaintiff is a resident of the City of Reno, County of Washoe, State of Nevada.

"B. Defendant is a corporation organized and existing under and by virtue of the laws of the State of Nevada and at all times herein mentioned had its office and principal place of business in the Masonic Building, No. 15 North Virginia Street, Reno, Washoe County, Nevada. The corporate name of defendant prior to June 29, 1943 was Nevada Industrial Loan Corporation. Defendant has never applied for nor has it ever obtained a license to do business in the State of California.

"C. The Superior Court of the State of California in and for the County of San Mateo is a court of general jurisdiction created, organized and existing under and by virtue of the constitution and laws of the State of California and was such at the time of the entry of the judgment below referred to.

"D. On January 30, 1942, a certain automobile, more particularly described as a 1936 Hudson coupe, owned by defendant, Nevada Industrial Corporation (then known as Nevada Industrial Loan Corporation) and operated on a public highway in the State of California by one Sam Berghorst, with the knowledge, permission and consent of the Defendant herein, collided with an automobile owned by one E. W. Horsman.

"E.   Thereafter action was commenced by said E. W. Horsman in the Superior Court of the State of California in and for the County of San Mateo against Sam Berghorst, the driver of said automobile, and the defendant herein under its then corporate name, Nevada Industrial Loan Corporation.

"F.   On March 25, 1942, the attorney for plaintiff caused to be delivered to the Department of Motor Vehicles of the State of California a copy of the summons and complaint in the action then pending in the Superior Court of the State of California in and for the County of San Mateo, together with a fee of $2.00 and requested service on defendant, Nevada Industrial Corporation under its then corporate name, Nevada Industrial Loan Corporation, to be made in accordance with Section 404 of the Vehicle Code of the State of California upon said Nevada Industrial Loan Corporation at 15 North Virginia Street, Reno, Nevada.   Further, on March 25, 1942 a notice of such service and a copy of the summons and complaint in said action then pending in the Superior Court of the State of California in and for the County of San Mateo were deposited by the attorney for plaintiff in the United States Post Office in the City and County of San Francisco, State of California, addressed to said Nevada Industrial Loan Corporation at 15 North Virginia Street, Reno, Nevada and said notice and copy of the summons and complaint were sent by registered mail with the postage fully prepaid to said Nevada Industrial Loan Corporation.   There was at that time a regular communication by mail between said cities of San Francisco, California and Reno, Nevada.   Plaintiff complied fully with the requirements of Section 404 of the Vehicle Code of the State of California below referred to.

"G.   The Director of Motor Vehicles of the State of California thereupon mailed to the defendant herein, under its then corporate name of Nevada Industrial Loan Corporation, the copy of the summons and com-

plaint delivered to it in the action above referred to then pending in the Superior Court of the State of California in and for the County of San Mateo.

"H.   The copies of the summons and complaint above referred to and the notice of service on the Director of Motor Vehicles were received by defendant in due course of the mails.

"I.   At the time said service was made as aforesaid there was in force and effect Section No. 404 of the Vehicle Code of the State of California which reads as follows:

" 'S 404.   Service of Process on Nonresident.

" ' (a) Acceptance of rights and privileges or use of highways equivalent to appointment of director as process attorney.   The acceptance by a nonresident of the rights and privileges conferred upon him by this code or any use of the highways of this State as evidenced by the operation by himself or agent of a motor vehicle upon the highways of this State or in the event such nonresident is the owner of a motor vehicle then by the operation of such vehicle upon the highways of this State by any person with his express or implied permission, is equivalent to an appointment by such nonresident of the director of his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against said nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State by himself or agent.

" ' (b) Signification of agreement as to force and validity of process.   The acceptance of such rights and privileges or use of said highways shall be a signification of the agreement of said nonresident that any such process against him which is served in the manner herein provided shall be of the same legal force and validity as if served on such nonresident personally in this State.

" '(c) Service upon director: How made: Fee: Sufficiency. Service of such process shall be made by leaving a copy of the summons and complaint with a fee of two dollars for each nonresident to be so served in the hands of the director or in his office at Sacramento and such service shall be a sufficient service on said nonresident subject to compliance with subdivision (d) hereof.

" '(d) Mailing of notice of service and copy of summons and complaint: Personal service equivalent to mailing. A notice of such service and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to said defendant. Personal service of such notice and a copy of the summons and complaint upon said defendant wherever found outside this State shall be the equivalent of said mailing.

" '(e) Proof of mailing: Affidavit and receipt: Proof of personal service: Return: Appending to summons and filing. Proof of compliance with subsection (d) hereof shall be made in the event of service by mail by affidavit of the plaintiff or his attorney showing said mailing, together with the return receipt of the United States post office bearing the signature of said defendant. Such affidavit and receipt shall be appended to the original summons which shall be filed with the court from out of which said summons issued within such time as the court may allow for the return of such summons. In the event of personal service outside this State such compliance may be proved by the return of any duly constituted public officer, qualified to serve like process of and in the State or jurisdiction where the defendant is found, showing such service to have been made. Such return shall be appended to the original summons which shall be filed as aforesaid.

" '(f) Continuances. The court in which the action is pending may order such continuances as may be

necessary to afford the defendant reasonable opportunity to defend the action.

" '(g) Record of process served upon director. The director shall keep a record of all process so served upon him which record shall show the day and hour of service.'

"J.   At no time was personal service of the summons made upon defendant within the State of California or elsewhere.

"K.   Defendant failed to appear generally or specially in person or by counsel in said action in the Superior Court of the State of California in and for the County of San Mateo and thereupon its default was entered in the suit brought by E. W. Horsman aforesaid and judgment was entered against it and in favor of the plaintiff on the 1st day of June, 1943 for the sum of $1171.79 with costs taxed in the sum of $43.00, making a total of $1214.79.

"L.   No appeal was ever taken by defendant herein from said judgment nor was any motion made to set aside the said judgment or to open the default of defendant for failure to appear or answer in the said suit and the time to do any of the aforesaid acts has, under the laws of the State of California, fully expired.   As a result thereof, said judgment has become final and absolute and now is in full force and effect.

"M.   Under the laws of the State of California interest is allowable on a judgment at the rate of seven per centum per annum from the date of the entry thereof.

"N.   Prior to the commencement of this action, said judgment and all sums due and owing thereon were duly assigned by E. W. Horsman in writing to the plaintiff herein.   Defendant was given notice in writing of said assignment by Norman H. Samuelson, attorney for plaintiff, by letter dated June 27, 1945 addressed to it at Room 4, Masonic Building, 15 North Virginia Street, Reno, Nevada and deposited in a sealed envelope with

postage fully prepaid in the post office at Reno, Nevada. Said letter was received by defendant.

"O. No part of said judgment or costs or interest has been paid by defendant Nevada Industrial Corporation.

"It is further stipulated that the court may, upon the foregoing statement of facts, decide the entire issue either upon briefs of counsel for both sides or upon oral argument or upon both such briefs and argument and that findings of fact and conclusions of law may be made and judgment entered accordingly, it being understood that the unsuccessful party may prosecute an appeal from any judgment entered upon such decision."

It is contended by the defendant that the California judgment is void insofar as it purports to bind the defendant personally, as its ultimate effect would be to deprive him of his property without due process of law. In support of this contention the defendant cites and relies chiefly on the case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. The defendant has not contended that there was any failure on the part of the plaintiff to comply with the provisions of the California statute relative to service, but, on the contrary, the Agreed Statement of Facts recites that the plaintiff has complied fully with the requirements of section 404 of the Vehicle Code of the State of California. The crux of the case therefore lies in the question as to the validity and effect of that statute.

■ ■ The development of the law on the subject is summarized in the article on automobiles in 5 American Jurisprudence, section 590, commencing on page 829, as follows:

"There are in many states statutes providing for constructive or substituted service of process on a nonresident motorist in an action growing out of an automobile accident in which such motorist was involved while operating his automobile in the state. These statutes usually designate a state official as the proper person to

receive service of process. Such statutes are constitutional provided they contain provisions which make it reasonably probable that notice will be communicated to the person to be served as by requiring the mailing of a copy of the summons and complaint to his last known address. The act of a nonresident in using the highways may properly be declared to be an agreement to accept service of summons through a designated state official in a suit growing out of such use. The fact, however, that a nonresident had actual notice of the suit does not render valid the statute under which the suit was brought, which permitted service of process on a state official without providing for notice to defendant, or validate the judgment rendered in accordance with its provisions."

█ In the foregoing text it will be noted that the validity of the judgment depends upon provisions of the statute which make it reasonably probable that notice will be communicated to the person to be served. The provisions of the said section 404 in that regard are sufficient according to the standards indicated in the reported cases on that point.

In the text referred to it will also be noted that the act of a nonresident in using the highways may properly be declared to be an agreement to accept service of summons through a designated state official.

█ The principles of law above set forth are established by the decision of the Supreme Court of the United States in the case of Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, affirming the decision of the state court, which is reported in 250 Mass. 22, 144 N.E. 760, 35 A.L.R. 945. It was pointed out that automobiles are dangerous machines, the use of which, under the police powers of the states, may be regulated with a view to the public safety; that a state may even exclude a nonresident from the use of its highways until the formal appointment of a resident agent for the receiving of service of process has been made, and that the use

of the highways may be declared to constitute such an appointment. It is further shown that this doctrine is not opposed to the doctrine in the case of Pennoyer v. Neff, supra, which holds that the process of a court of one state cannot run into another to give jurisdiction for the rendering of a personal judgment. In the class of cases with which we are now dealing, and under the statutes referred to, the process does not run into the other state, but finds the defendant within the state of the action and there makes service upon him through the agent appointed by his act,—accompanied by due notice to the defendant himself. Therefore, in the case of Hess v. Pawloski, above referred to, it was held that due process of law, as referred to in the 14th Amendment, was satisfied.

The California judgment, being valid in California, was entitled to full faith and credit in the State of Nevada by reason of the provisions of Article IV, section 1 of the constitution of the United States, popularly known as the full faith and credit clause and reading in part as follows: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." Miliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 84 L.Ed. 278, 132 A.L.R. 1357. No reason has been assigned by the respondent, either in its brief or in its oral argument, why such full faith and credit should not be accorded.

The judgment of the trial court is reversed, with instructions to enter judgment in favor of the plaintiff as prayed for in her complaint, together with her costs.

HORSEY and BADT, JJ., concur.

EATHER, C. J., being ill, the Governor designated Hon. W. D. HATTON, Judge of Fifth Judicial District, to sit in his stead.