Rockingham,
No. 4614.

LINWOOD HATCH & a. v. CAROLINE E. HOOPER & a.

Argued January 7, 1958.

Decided February 4, 1958.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the plaintiffs.

*Wesley Powell, Charles F. Hartnett* and *Maurice J. Murphy, Jr.* (*Mr. Murphy* orally), specially for the defendants.

DUNCAN, J. The defendants contest the jurisdiction of the Court upon the ground that the plaintiffs failed to comply with the statutory provision that following service on the Motor Vehicle Commissioner, "notice" of the service of process and a "copy of the process" shall be "forthwith" sent by registered mail to the defendant. RSA 264:2. Their contention is that the notice sent by the plaintiffs' attorney was insufficient because it failed to inform the defendants that the statutory procedure "confer[s] jurisdiction . . . which will result in a default and judgment *in personam* against him if he fails to file an appearance," and because the notice and copy were not sent "forthwith" as provided by the statute. In consequence, it is argued, entertainment of jurisdiction would deprive the defendants of due process of law, particularly in the actions against the minor.

The constitutionality of RSA ch. 264 was affirmed in *Poti* v. *Company*, 83 N. H. 232, and is not here in question. See *Hess* v. *Pawloski*, 274 U. S. 352; *Garon* v. *Poirier*, 86 N. H. 174. However, provision for notice to the defendant of the substituted service provided for by the statute is essential to due process (*Wuchter* v. *Pizzutti*, 276 U. S. 13; *White* v. *March*, 147 Me. 63), and it is established that the notice must be such as to make it reasonably probable that the defendant will be apprised of the pending action and afforded opportunity to appear. *Wuchter* v. *Pizzutti, supra*, 24, 25; Restatement, Judgments, s. 23 c. See *Sampson* v. *Conlon*, 100 N. H. 70; *Olberding* v. *Illinois Central R. Co.*, 346 U. S. 338, 341; *Shushereba* v. *Ames*, 255 N. Y. 490; *Brammall* v. *Larose*, 105 Vt. 345.

The defendants do not claim a failure to receive the notices but rather that they were not calculated to notify them of the consequences of default in appearance. The notice in each case was as follows: "Suit has been brought against you in the above entitled matter, and on October 22, 1956, service was completed on the Commissioner of Motor Vehicles for the State of New Hampshire, in accordance with the provisions of R. S. A. 264. A copy of the writ is herewith enclosed."

This was sufficient compliance with the statute. It called attention to the pending action and to the applicable statute. It enclosed a copy of the writ summoning the defendant to appear at the Superior Court for Rockingham County on the first Tuesday of December, 1956, and bearing the return of service "on the within

named defendant . . . by leaving in the office of Frederick N. Clarke, Commissioner of Motor Vehicles."

We find in the statute no express or implied requirement that the plaintiff shall furnish the defendant with advice concerning the legal consequences of his failure to appear. This has never been thought appropriate in the commencement of actions against residents, and cannot be considered a requirement of procedural due process. On the contrary, the duty of ascertaining the legal requirements of the forum in which they were sued rested upon the respective defendants. *Barbieri* v. *Pandiscio,* 116 Conn. 48, 50.

The circumstance that one of the defendants was a minor did not alter the essential requirements. Since the defendant Philip was sufficiently mature to operate a motor vehicle, he could properly be presumed competent to deal intelligently with legal process received in the mail. "Had it been possible at the moment when the putative liability arose to set up a piepowder court pro hac vice, the state would have had power to adjudicate the liability then and there . . . . " *Kilpatrick* v. *Texas & P. Ry. Co.,* 166 F. (2d) 788, 791. The defendant's minority, of itself, would not operate to defeat jurisdiction under the statute. *Gesell* v. *Wells,* 229 App. Div. (N. Y.) 11, *aff'd* 254 N. Y. 604; *Boulay* v. *Pontikes,* 93 F. Supp. 826; *Silver Swan L. Corp.* v. *Adams,* 43 Cal. App. (2d) Supp. 851.

If in future proceedings no guardian appears on his behalf, a guardian *ad litem* may and should be appointed. RSA 462:1; *Moore* v. *Roxbury,* 85 N. H. 394; *Hollis* v. *Tilton,* 90 N. H. 119. The statute expressly provides for "such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action." RSA 264:4.

The question remains whether the statutory requirement that the notice and a copy of the process shall be sent to the defendant "forthwith" was satisfied in these cases. The writs were returnable on December 4, 1956, and were served on the Motor Vehicle Commissioner on October 22, 1956. November 19, 1956, was the last day for service within the state. RSA 510:1. Counsel appeared and moved to dismiss on November 15, 1956. Thus the notices of service and copies of the writs which were forwarded to the defendants on November 5, 1956, were received by them well in advance of the last day for service of process in this jurisdiction.

The defendants contend that the delay of fourteen days between the time of service on the Commissioner and the time of forwarding of the notices and copies was so unjustified that compliance with

the statute could not properly be found. The word "forthwith" in similar statutes has been interpreted to mean "with all reasonable dispatch consistent with the circumstances" (*Webb Packing Company* v. *Harmon*, 39 Del. 22, 29; *Hartley* v. *Vitiello*, 113 Conn. 74, 80) or "with due diligence, under all the circumstances." *Reynolds* v. *Dorrance*, 94 F. (2d) 184, 186.

The notices were forwarded fourteen days before the last day for service, and were received in ample time to allow the defendants to enter their appearances more than two weeks before the return day. *Reynolds* v. *Dorrance, supra,* 186, 187. Allowing time for the sheriff to make his return of service, the notices and copies were clearly mailed with due diligence and dispatch consistent with the circumstances.

*Exceptions overruled.*

All concurred.