CAL-FARM INSURANCE COMPANY, A CORPORATION, APPELLANT, v. LESTER WARREN OLIVER, JACK B. WEIDNER, AND WEIDNER ENTERPRISES, A SOLE PROPRIETORSHIP, RESPONDENTS.

No. 4527

November 19, 1962                    375 P.2d 857

---

*Morse & Graves,* and *Lee R. Rose,* of Las Vegas, for Appellant.

*William Singleton* and *Drake DeLanoy,* of Las Vegas, for Respondents.

## OPINION

By the Court, McNamee, J.:

Oliver, while working for Weidner and driving Weidner's car, was involved in an automobile accident which resulted in damage to appellant's assured's automobile. Within a short time after the accident Oliver left Nevada. Weidner at all times has been a resident of Arizona. As subrogee, appellant brought action against respondents Oliver and Weidner for the damage.

The statute of limitations in an action for damages to personal property is three years. NRS 11.190(3)(c). This action was commenced more than three years after the accident, and service was obtained on respondent Weidner by service upon the Secretary of State as provided by NRS 14.070[1]. Appellant contends, however, that by virtue of NRS 11.300 the statute was tolled. The lower court held that the claim was barred upon

---

[1] "1. The use and operation of a motor vehicle over the public roads, streets or highways, or in any other area open to the public and commonly used by motor vehicles, in the State of Nevada by any person, either as principal, master, agent or servant, shall be deemed an appointment by such operator, on behalf of himself and his principal or master, of the director of the department of motor vehicles to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of such use or resulting in damage or loss to person or property, and the use or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as though served upon him personally within the State of Nevada."

the expiration of three years because the tolling statute had no application to actions where service is made upon the Secretary of State under NRS 14.070.

There are cases both in accord and in opposition to the lower court's holding, but even appellant admits that the majority of states favor the view that the statute of limitations is not tolled under these circumstances. The following states have adopted the majority view: Alabama, Connecticut, Delaware, Illinois, Indiana, Iowa, Michigan, Mississippi, Missouri, New Hampshire, Oregon, South Dakota, Tennessee, Vermont, and Washington.

The states following the minority rule are: Idaho, Kansas, New Jersey, New York, Ohio, Utah, and Wisconsin.

The authorities on this subject are listed in 94 A.L.R. 485, 119 A.L.R. 859, 17 A.L.R.2d 502, and the A.L.R. supplements thereto. See also 34 Am.Jur., Limitation of Actions, sec. 221, and 54 C.J.S., Limitations of Actions, sec. 208, et seq.

The reason usually given for the majority view is well stated in Hurwitch v. Adams, 2 Storey 13, 52 Del. 13, 151 A.2d 286. In that case the accident occurred in Delaware, and defendant, driver of the automobile, was not a resident of Delaware. Within the limitation period defendant could have been served with process by service made on the Secretary of State under provisions of statute providing for substituted service of process as to nonresident owners or operators of motor vehicles. The court held that defendant was present and available in Delaware for service of process through his statutory agent, the Secretary of State, and was not "out of the state" within the meaning of the statute tolling the period of limitations for the time the defendant was out of the state, and consequently defendant's absence from the state during the period of limitations did not toll the period of the statute. "The statute tolling the period of limitations as to those outside the state must be deemed to be limited by its clear and specific purpose so as to apply only to those who reside out of the state and who are not otherwise subject to service of process in

the state. The fictional presence of a defendant by an agent, imposed by law upon the defendant, brings the defendant within the state for the purpose of service of process and the same fiction causes the period of limitations to run." This case was affirmed with a written opinion along the same lines in Hurwitch v. Adams, 2 Storey 247, 52 Del. 247, 155 A.2d 591.

Appellant argues however that the fiction of defendant's presence in the state through an agent (the Secretary of State) is not applicable where the statute requires the defendant's return receipt, because in such case, besides serving the Secretary of State in Nevada, it was necessary to obtain defendant's signature to the return receipt outside Nevada. In support of this argument he cites Staten v. Weiss, 78 Idaho 616, 308 P.2d 1021, where the Idaho court held that the statute of limitations, under a statute identical with NRS 14.070 as it existed at the time the accident herein occurred, was not tolled. This Idaho case follows the minority view and its holding is not based on the fact that the return receipt was required in order to complete service of summons, but upon the ground that "the provision for obtaining such service contains no specific exception to the provision tolling the statute of limitations."

NRS 14.070 at the time of the accident required that after service upon the Secretary of State such service shall be deemed sufficient upon the motor vehicle operator "provided, that notice of such service and a copy of the process shall forthwith be sent by registered mail by the plaintiff to the defendant, [and the defendant's return receipt] and the plaintiff's affidavit of compliance therewith [are] attached to the original process and returned and filed in the action in which it was issued." However, this statute at the time the complaint was filed had been amended so as to delete the requirement of the defendant's return receipt. Even in the absence of the amendment appellant's argument has no merit. In Kroll v. Nevada Industrial Corporation, 65 Nev. 174, 191 P.2d 889, this court had under consideration the California statute which likewise required a return receipt. We there stated: "In the class of cases with which we

are now dealing, and under the statutes referred to, the process does not run into the other state, but finds the defendant within the state of the action and there makes service upon him through the agent appointed by his act,—accompanied by due notice to the defendant himself."

The majority rule by authority and logic is the proper rule to be followed in this state.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.