Clare J. Hoyt, J.
This is an action by four Connecticut residents, two adults and two minors, to recover for personal injuries sustained in an auto accident that occurred in the State of Massachusetts on December 1, 1963. The driver of the car who allegedly negligently caused the accident — the defendant in this action — was and is a New York resident. The action was commenced in March of 1966, more than two but less than three years after the accident occurred. In her answer the defendant alleges as an affirmative defense that the Statute of Limitations is a bar to plaintiffs’ action. Plaintiffs have moved to dismiss this defense as insufficient in law, and defendant has cross-moved for a dismissal of the action on the ground that it did not accrue within the time limited by law.
Since the action is pending in New York we apply New York’s choice-of-law rule to determine whether the Statute of Limitations of the forum or the place of the tort applies. Our rule *652 is codified and it provides that nonresident plaintiffs, such as the plaintiffs in this action, are subject to the shorter period of limitation found in the two jurisdictions (CPLR 202). In order to accomplish this, New York examines the rule of limitation from the jurisdiction where the tort occurred and compares it with New York’s period of limitation. The shorter of the two limits the time for the plaintiffs to commence their action. (See Lowell Wiper Supply Co. v. Helen Shop, 235 F. Supp. 640, 644.) The purpose of the rule is twofold; first, to mitigate the effects of New York’s tolling statute (CPLR 207), and second, to prevent forum shopping by plaintiffs (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 202.01, pp. 2-29-2-30).
Thus our initial inquiry is what is the New York period of limitations for such a cause óf action. That is easily answered. New York requires that an action of this sort be commenced within three years of its accrual (CPLR 214) and that was done.
Next we turn to the Massachusetts rule. Massachusetts applies a two-year Statute of Limitations to tort actions (Mass. Gren. Laws Ann., ch. 260, § 2-a). However, the statute is tolled as to a nonresident until he returns to Massachusetts (ch. 260, § 9). Since there is no claim that the defendant has returned to Massachusetts since the accident it would seem that the two-year Massachusetts period of limitation has not.begun to run. Yet, Massachusetts, like most States, “ provides a method for substituted service of process in a civil action upon a nonresident who has accepted the benefits extended to one operating a motor vehicle therein” (Cellura v. Cellura, 24 A D 2d 59, 60). The vast majority of States that have passed on the issue hold that where a means of substituted service is provided, tolling statutes are not to be applied. Research discloses 19 States, including New York, that have taken this view on one or more occasions. Only 6 States have taken a contrary view. The cases are set out in the appendix to this memorandum. There is no decision on point in the Massachusetts courts, but a Federal District Court sitting in the First Circuit and applying Massachusetts law by a resident Massachusetts Judge, has reached the conclusion that Massachusetts follows the majority rule. (See Smith v. Pasqualetto, 146 F. Supp. 680.) We accord great weight to this decision since it is the only pronouncement on the subject under Massachusetts law and since the District Judge who rendered the decision is continually called upon to construe Massachusetts law. For the reasons expressed therein, we adopt Smith v. Pasqualetto (supra) on this issue and hold that the two-year period of limitations had run on the adult *653 plaintiffs’ action before it was commenced. However, the infant plaintiffs are differently situate.
Under both New York and Massachusetts law the infant plaintiffs’ causes of action may be commenced within a specified time after they reach their majority (CPLR 208; Daley v. Daley, 300 Mass. 17). Since they have not attained their majority, their causes are not yet barred.
The motion is granted as to the causes of action alleged by the infant plaintiffs and denied as to the causes alleged by the adult plaintiffs. The cross motion is granted as to the adult plaintiffs and denied as to the infant plaintiffs.

APPENDIX

The following eases hold that the law of the jurisdiction listed is that tolling statutes do not apply when a nonresident defendant may be served by substituted service.
Alabama: Peters v. Tuell Dairy Go., 250 Ala. 600. Karagiannis v. Shaffer, 96 F. Supp. 211.
California: Kroll v. Nevada Ind. Corp., 65 Dev. 174.
Connecticut: Coombs v. Darling, 116 Conn. 643; Tublitz v. Hirschfeld, 118 F. 2d 29; Colello v. Sundquist, 137 F. Supp. 649; Sage v. Hawley, 16 Conn. 106.
Delaware: Hurwitch v. Adams, 52 Del. 13, affd. 52 Del. 247.
Illinois: Nelson v. Richardson, 295 111. App. 504; Hale v. Morgan Packing Co., 91 F. Supp. 11.
Iowa: Kokenge v. Holthaus, 243 Iowa 571; Carpenter v. Kraft, 254 Iowa 719; Burkhardt v. Bates, 191 F. Supp. 149.
Krnsas: Bond v. Golden, 273 F. 2d 265.
Michigan: Hammel v. Bettison, 362 Mich. 396.
Missouri: Haver v. Bassett, 287 S. W. 2d 342 [Mo] ; Seorza v. Deatherage, 208 F. 2d 660; GaA-th v. Robards, 20 Mo. 523.
Nevada: Cal-Farm Ins. Co. v. Oliver, 78 Dev. 479.
New Hampshire: Bolduc v. Richards, 101 D. H. 303; Hatch v. Hooper, 101 D. H. 214.
New York: Fuller v. Stuart, 3 Mise 2d 456.
Oklahoma: Moore v. Dunham, 240 F. 2d 198; St. Louis & S. F. R. Co. v. Taliaferro, 67 Okla. 37.
Oregon: Whittington v. Davis, 221 Ore. 209.
South Dakota: Busby v. Shafer, 75 S. D. 428.
Tennessee: Arrowood v. McMinn County, 173 Tenn. 562; Yotmg v. Hicks, 250 F. 2d 80.
Utah: Snyder v. Clwne, 15 Utah 2d 254.
Vermont: Reed v. Rosenfield, 115 Vt. 76.
Washington: Smith v. Forty Million, 64 Wn. 2d 912.
The remaining cases listed below hold that the jurisdictions affected toll the Statute of Limitations as to nonresidents even though substituted service, is available.
Idaho: Staten v. Weiss, 78 Idaho 616.
New Jersey: Gotheiner v. Lenihan, 20 D. J. Mise. 119; Lemke v. Bailey, 41 .D. J. 295; Blackmon v. Govern, 138 F. Supp. 884,
*654 Ohio: Gouts v. Rose, 152 Ohio St. 458; Chamberlain v. Lowe, 252 F. 2d 563.
South Carolina: Maori v. Flaherty, 115 F. Supp. 739.
Texas: Cellwra v. Cellar a, 24 A D 2d 59.
Wisconsin: Bode v. Flynn, 213 Wis. 509.