John R. TARTER, Administrator of the Estate of William E. Fristam, Deceased, Appellant (Plaintiff below),

v.

Michelle INSCO, Appellee (Defendant below).

No. 4523.

Supreme Court of Wyoming.

June 8, 1976.

Franklin J. Smith, of Pattno & Smith, Cheyenne, for appellant.

Larry Lawton, of Guy, Williams & White, Cheyenne, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and ARMSTRONG, D. J., Retired.

ROSE, Justice.

William E. Fristam came to his death on November 24, 1971. A wrongful death action was filed November 16, 1973.[1] Purported service was made March 21, 1974, by filing with the Secretary of State, according to the requirements and provisions of § 1–52, W.S.1957, 1975 Cum.Supp.[2] At the

---

1. Section 1–1066, W.S.1957, at the time the litigation was instituted, provided in relevant part as follows:

"Every such action shall be brought by, and in the name of, the personal representative of such deceased person; . . . provided, that every such action shall be commenced within two (2) years after the death of such deceased person."

2. Section 1–52, W.S.1957, 1975 Cum.Supp., provides, in pertinent part:

"Secretary of state deemed attorney for service; continuance of action; costs; record of process; jurisdiction.—The use and operation by a non-resident of the State of Wyoming or a resident of this state upon whom service of summons cannot be made within this state, or the agent of such non-resident or resident, of a motor vehicle over or upon any street or highway within the State of Wyoming, shall be deemed an appointment by such non-resident or resident of the secretary of state of the State of Wyoming as his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, her or his [or] her personal representative, executor, executrix, administrator, or administratrix, if he or she be deceased, growing out of such use or opera-

time of the accident, defendant-appellee was a resident of Wyoming, but could not be located when the action was filed. Defendant filed an answer and moved for summary judgment, invoking the two-year statute of limitations provided in § 1–1066, W.S.1957.

The arithmetic shows that service was not had on the Secretary of State within two years from the date of the accident. In fact, service was not made for two years plus 118 days.

Defendant's theory is that the action must be commenced and service made within the two years contemplated by § 1–1066 unless the timely commencement of the action is perfected by service within sixty days of the filing, as provided by Rule 3 of the Wyoming Rules of Civil Procedure.[3] Since service was not had within the time frames contemplated by § 1–1066 and Rule 3, argues the defendant, the action is barred.

The plaintiff-appellant contends that § 1–1066 is tolled by § 1–24, W.S.1957,[4] for the

reasons that defendant had been outside the state and had avoided process and concealed herself.

The court made findings of fact as follows:

"1. That the defendant's actions in moving from place to place were motivated by economic circumstances and a desire to obtain a college education, and were not for the purpose of concealing herself or avoiding service of process.

"2. That the Defendant was absent from the State of Wyoming for substantially longer than 125 days in the two-year period after November 24, 1971.

"3. That William E. Fristam died on November 24, 1971, as a result of a collision between a vehicle operated by him and one operated by the Defendant.

"4. That his lawsuit was filed on November 16, 1973.

"5. That valid service was obtained on March 21, 1974, by serving the Secretary

___

tion of a motor vehicle over or upon the streets or highways within this state, resulting in damages or loss to person or property, and said use or operation shall be a signification of his or her agreement that any such process which is so served in any action against him, her, or his or her personal representative, executor, executrix, administrator, or administratrix, if he or she be deceased, shall be of the same legal force and validity as if served upon him, her, or his or her personal representative, executor, executrix, administrator, or administratrix, if he or she be deceased, personally within this state. Service of such process shall be made by serving a copy thereof upon the secretary of state or by filing such copy in his office, together with payment of a fee of two ($2.00) dollars, and such service shall be sufficient service upon the said non-resident or resident or his or her personal representative, executor, executrix, administrator, or administratrix, if he or she be deceased; . . ."

3. "Rule 3. Commencement of Action.
    "(a) *How Commenced.* A civil action is commenced by filing a complaint with the court.
    "(b) *When Commenced.* For purposes of statutes of limitation, an action shall be

deemed commenced on the date of filing the complaint as to each defendant, if service is made on him or on a co-defendant who is a joint contractor or otherwise united in interest with him, within sixty days after the filing of the complaint. If such service is not made within sixty days the action shall be deemed commenced on the date when service is made. The voluntary waiver, acceptance or acknowledgement of service, or appearance by a defendant shall be the same as personal service on the date when such waiver, acceptance, acknowledgment or appearance is made. When service is made by publication, the action shall be deemed commenced on the date of the first publication."

4. "§ 1–24. Absence from state or concealment suspends the running of the limitation. —If when a cause of action accrues against a person he is out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues he depart from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action must be brought."

of State, the Defendant being outside of the State of Wyoming, from sometime before November 16, 1973, until after March 21, 1974.

"6. That 125 days passed between the filing of this lawsuit and service of process upon the Defendant."

The court made the following conclusions of law:

"1. That the statute of limitations applicable to this lawsuit is two years, as contained in Section 1-1066(d), Wyoming Statutes, 1957.

"2. That this lawsuit was commenced two years and 118 days after the cause of action occurred.

"3. That the applicable Statute of Limitations is a bar to this action.

"4. That Section 1-24, Wyoming Statutes, 1957, has no application to this case by virtue of the facts set out herein; . . ."

## THE ISSUE

The real and only issue may be delineated as follows:

Does the defendant's absence from the state toll the statute of limitations by reason of the applicability of § 1-24, W.S.1957, where the defendant could have been served at any time through substituted service upon the Secretary of State?

This is defined as the issue by the appellant when he says in his brief to this court:

". . . The real issue raised is whether or not a tolling statute such as Wyoming Statutes § 1-24 (1957) applies in the circumstance where provision is made for service upon a designated agent for process such as the Secretary of State as outlined in Wyoming Statutes § 1-52 (1957) . . ."

## OPINION

The position of the appellant in this appeal represents a relatively small and ever-diminishing minority view.[5] It is argued

---

5. In *Daigle v. Leavitt*, 54 Misc.2d 651, 283 N.Y.S.2d 328 (July 8, 1967), the appendix to the opinion reads as follows:

"The following cases hold that the law of the jurisdiction listed is that tolling statutes do not apply when a non resident defendant may be served by substituted service.

"*Alabama: Peters v. Tuell Dairy Co.*, 250 Ala. 600, 35 So.2d 344; *Karagiannis v. Shaffer*, D.C.[Pa.], 96 F.Supp. 211.
"*California: Kroll v. Nevada Industrial Corp.*, 65 Nev. 174, 191 P.2d 889.
"*Connecticut: Coombs v. Darling*, 116 Conn. 643, 166 A. 70; *Tublitz v. Hirschfeld*, 2 Cir., 118 F.2d 29; *Colello v. Sundquist*, D.C.[N.Y.], 137 F.Supp. 649; *Sage v. Hawley*, 16 Conn. 106.
"*Delaware: Hurwitch v. Adams*, 52 Del. [2 Storey] 13, 151 A.2d 286, aff'd 52 Del. [2 Storey] 247, 155 A.2d 591.
"*Illinois: Nelson v. Richardson*, 295 Ill. App. 504, 15 N.E.2d 17; *Hale v. Morgan Packing Co.*, D.C.[Ill.], 91 F.Supp. 11.
"*Iowa: Kokenge v. Holthaus*, 243 Iowa 571, 52 N.W.2d 711; *Carpenter v. Kraft*, 254 Iowa 719, 119 N.W.2d 277; *Burkhardt v. Bates*, D.C.[Iowa], 191 F.Supp. 149.
"*Kansas: Bond v. Golden*, 10 Cir., 273 F.2d 265.

"*Michigan: Hammel v. Bettison*, 362 Mich. 396, 107 N.W.2d 887.
"*Missouri: Haver v. Bassett*, Mo.App., 287 S.W.2d 342; *Scorza v. Deatherage*, 8 Cir., 208 F.2d 660; *Garth v. Robards*, 20 Mo. 523.
"*Nevada: Cal-Farm Ins. Co. v. Oliver*, 78 Nev. 479, 375 P.2d 857.
"*New Hampshire: Bolduc v. Richards*, 101 N.H. 303, 142 A.2d 156; *Hatch v. Hooper*, 101 N.H. 214, 138 A.2d 671.
"*New York: Fuller v. Stuart*, 3 Misc.2d 456, 457, 153 N.Y.S.2d 188.
"*Oklahoma: Moore v. Dunham*, 10 Cir., 240 F.2d 198; *St. Louis & S. F. R. Co. v. Taliaferro*, 67 Okl. 37, 168 P. 788.
"*Oregon: Whittington v. Davis*, 221 Or. 209, 350 P.2d 913.
"*South Dakota: Busby v. Shafer*, 75 S.D. 428, 66 N.W.2d 910.
"*Tennessee: Arrowood v. McMinn County*, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; *Young v. Hicks*, 8 Cir., 250 F. 2d 80.
"*Utah: Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915.
"*Vermont: Reed v. Rosenfield*, 115 Vt. 76, 51 A.2d 189.
"*Washington: Smith v. Forty Million, Inc.*, 64 Wash.2d 912, 395 P.2d 201.

that the provisions of § 1–24, W.S.1957, are clear and that for us not to give meaning and application to the plain language of the statute is to judicially legislate. Appellant says there is no ambiguity—and no need for construction since resort to construction may be had only where the statutes are found to be ambiguous. *Zanetti Riverton Bus Lines, Inc. v. State Board of Equalization,* Wyo., 485 P.2d 387; *Town of Clearmont v. State Highway Commission,* Wyo., 357 P.2d 470.

We find our point of departure with appellant's logic to be in the proposition that, while the statute (§ 1–24) is not ambiguous —neither is it applicable.

While we have not passed upon the effect of the non-resident motorist statute upon the statute of limitations, many other states have. The great majority have held that where there is provision for substituted service the tolling statute is inapplicable and the limitation statute means what it says. (Supra, Note 5)

It was said in *Busby v. Shafer,* 75 S.Dak. 428, 66 N.W.2d 910, 911 (1954), where the lower court had applied the tolling statute, the supreme court reversing:

". . . where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state the provision makes the defendant as amenable to process as if he resided within the state and has the effect of nullifying any

statute suspending the period of limitations . . ."

The reason behind such a ruling was expressed in *Bolduc v. Richards,* 101 N.H. 303, 142 A.2d 156, 158 (1958), where the Supreme Court of New Hampshire said:

"There are compelling considerations of policy favoring the majority rule since to hold otherwise would allow suits to be postponed indefinitely. In automobile cases which depend to a great degree on eye witnesses and their memories, the evil results of delay are obvious . . ."

The court, in *Bolduc,* goes on to say:

" . . . Had the Legislature desired to change existing law so as to afford the plaintiff the latitude of permitting him to allow his case to drag on indefinitely at his option, even though he could get valid service upon the defendant, so long as the latter remained out of the state, it presumably would have said so . . . we believe the considerations in favor of . . . (the plaintiff) are outweighed by the desirability of insuring prompt disposition of law suits while the witnesses are available and their memories reasonably fresh." [Parenthetical matter supplied]

█ In order to consider the invocation of the tolling statute (§ 1–24) it must be read to mean and understood to say that the defendant has absconded, concealed himself, or departed from the state *in such man-*

---

"The remaining cases listed below hold that the jurisdictions affected toll the statute of limitations as to non residents even though substituted service is available.

"*Idaho: Staten v. Weiss,* 78 Idaho 616, 308 P.2d 1021.

"*New Jersey: Gotheiner v. Lenihan,* 20 N.J.Misc. 119, 25 A.2d 430; *Lemke v. Bailey,* 41 N.J. 295, 196 A.2d 523; *Blackmon v. Govern,* D.C.[N.J.], 138 F.Supp. 884.

"*Ohio: Couts v. Rose,* 152 Ohio St. 458, 90 N.E.2d 139; *Chamberlain v. Lowe,* 6 Cir., 252 F.2d 563.

"*South Carolina: Macri v. Flaherty,* D.C. [S.C.], 115 F.Supp. 739.

"*Texas: Cellura v. Cellura,* 24 A.D.2d 59, 263 N.Y.S.2d 843.

"*Wisconsin: Bode v. Flynn,* 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480."

We have not up-dated the list of jurisdictions or cases since *Daigle v. Leavitt* (1967), although all courts refer to the majority of jurisdictions as representing an ever-increasing majority.

In fact, from other cases cited in this opinion, we can safely remove Idaho from the minority column and place Idaho, together with Alaska, Arizona, Minnesota, Nebraska, New Mexico and Virginia with the majority. Add Wyoming and we have 27 states representing the majority view with 5 states in the minority.

*ner so that he is beyond the reaches of the law for purposes of service.*

This thought is expressed in *Phillips v. Anchor Hocking Glass Corporation,* 100 Ariz. 251, 413 P.2d 732, 738–739 (1966), where that court said:

". . . For a foreign corporation to be 'without the state' or 'absent' within the meaning of a statute providing for the tolling of limitations during the absence of the defendant, it must be out of the state *in the sense that it could not be served with process.* (Citations omitted) Since we have held that defendant can be properly served, the statute of limitations is not tolled." [Parenthetical matter and emphasis supplied]

To the same effect see *Lipe v. Javelin Tire Company, Inc.,* 96 Idaho 723, 536 P.2d 291 (1975); *Engle Bros., Inc. v. Superior Ct., in and for County of Pima,* 23 Ariz. App. 406, 533 P.2d 714 (1975); *Krontz v. Estovez,* 49 Mich.App. 30, 211 N.W.2d 213 (1973); *Gatliff v. Little Audrey's Transportation Co.,* 317 F.Supp. 1117 (D.Neb. 1970); *Summerrise v. Stephens,* 75 Wash. 2d 808, 454 P.2d 224 (1969); and *Daigle v. Leavitt,* 54 Misc.2d 651, 283 N.Y.S.2d 328.

This seems to be the proper application of the statute of limitations contained in § 1–1066 as it must be read together with § 1–24 and § 1–52. There can be no reason for a tolling statute except where service is impossible or unusually difficult. It would be inequitable to allow a defendant to escape service through trickery and concealment. The need and reason for the tolling statute fails where there is another readily-available method of service. In the matter before us, § 1–52 authorizes service on the non-resident motorist or the resident motorist who has concealed himself or who has absconded, and, therefore, the tolling statute serves no purpose in these circumstances.

The Supreme Court of Nevada has held that a defendant is constructively present through his agent for the purpose of service of process, and that presence causes the period of limitations to run notwithstanding the defendant's physical absence from the state. *Cal-Farm Insurance Company v. Oliver,* 78 Nev. 479, 375 P.2d 857 (1962); *Bank of Nevada v. Friedman,* 82 Nev. 417, 420 P.2d 1 (1966).

It was held in *Snyder v. Clune,* 15 Utah 2d 254, 390 P.2d 915, 916 (1964):

". . . In connection with the plaintiff's contention it is necessary to also consider our nonresident motorist act, Sec. 41–12–8, U.C.A.1953, which was enacted in 1943, (S.L.U.1943, Ch. 68, Sec. 12). It authorizes service upon a nonresident of the state by serving the Secretary of State. The effect of this is to constitute the Secretary of State as the agent of a nonresident motorist to receive process for him. Further pertinent to this problem is Rule 4(e)(1) U.R.C.P., which states that personal service may be made upon a defendant ' * * * by delivering a copy to *an agent authorized by appointment or by law* to receive service of process.' (Emphasis added.) The defendants thus had an agent within the state upon whom process could have been served for them, and they were thus not 'absent' from the state in the sense contemplated by the statute, that is, unavailable for the service of process. Therefore, the plaintiff was not prevented from commencing her action at any time she desired. That being so, there exists no reason for tolling the running of the statute. When the reason for the rule is gone, the rule should vanish with it. Appropos is the statement of Justice Holmes:

" 'It is revolting to have no better reason for a rule than that it was so laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.' " [From Oliver Wendell Holmes, The Path of the Law, 10 Harv.L.Rev. 457, 469]

The appellee makes this analogy:

". . . Just as a corporation is constructively present through its agent for service of process, so an individual is constructively present within the state whenever he has an agent for service of process appointed for him . . ."

We think the analogy is apt.

■ At no time did the appellant have to look to the tolling statute for help while seeking a method for serving the defendant. There was a method available at all times during the two-year period referred to in § 1–1066—the limitations statute. The plaintiff at any time could have served the Secretary of State—as he ultimately did—too late.

The defendant had been for all relevant purposes within the State of Wyoming and subject to service throughout the period provided for by the statute of limitations.

We have indicated previously that there is no need to speak of ambiguity—the problem being one of applicability.

■ Section 1–24, the tolling statute, is not applicable where there is another method of service available to the plaintiff. Appellee calls our attention to *Byrne v. Ogle,* Alaska, 488 P.2d 716, 717–719, 55 ALR3d 1151 (1971), in which case the court said:

"It is the apparent purpose of the tolling statute to prevent a plaintiff's being deprived an opportunity to prove his cause of action by the defendant absenting himself from the jurisdiction for the duration of the period of limitation. The tolling statute preserves the plaintiff's cause of action until service has been made available and practical, by the defendant's presence in the state, for a time equal to the total period of limitation.

"The essence of the difficulty sought to be remedied by the suspensory statute is not mere personal absence of the defendant, but such unavailability as will defeat the power of a plaintiff to effectuate commencement of his action . . ."

In holding that the statute had run, the court considered the policy of the rule:

"To apply the tolling statute to a situation where the defendant is at all times amenable to service is repugnant to the general purposes of statutes of limitations. The policy of the law is to allow a reasonable but definitely limited time for the bringing of an action after which the matter is put to rest . . .

\*  \*  \*  \*  \*  \*

"To hold otherwise would permit a plaintiff to bring his action at any time without regard to the statutory period of limitation. Moreover, if both the substituted service statutes and the tolling statute are applied, a plaintiff is given greater advantage over an absent motorist than he has over a resident motorist defendant or the usual, nonmotorist, nonresident defendant. By virtue of substituted service alone, the absent motorist is in circumstances similar to the resident motorist. For purposes of service he is as available as a resident. However, if both substituted service and the tolling statute are made applicable, the nonresident motorist is provided less protection than the nonmotorist, nonresident defendant who is not subject to substituted service. At the same time, he is made more vulnerable than the resident motorist defendant in whose favor the statute of limitations is allowed to run. Such inequitable results can hardly be justified where a more reasonable statutory construction consistent with legislative intent is available."

The same result was reached in Oklahoma where the supreme court said:

". . . 'the majority, and we think the better reasoned view, holds that provisions for substituted service of process upon a state official arising out of motor accidents within the state has the effect of nullifying any statute suspending the period of limitations . . .'" *Jarchow v. Eder,* Okl., 433 P.2d 942, 945 (1967)

South Dakota follows the majority in *Busby v. Shafer,* 75 S.D. 428, 66 N.W.2d 910, 911, sura, noting that:

"Decisions in other states are generally to the effect that when the remedy of a party is complete and unaffected by the absence of the defendant from the state a tolling statute is without application . . ."

In considering the plaintiff-appellant's contention that if the court adopted the view that the availability of a statutory agent for service upon a motorist avoids the tolling of the limitations statute and would impliedly amend ORS 12.150 (the tolling statute), the Supreme Court of Oregon, in *Whittington v. Davis,* 221 Or. 209, 350 P.2d 913, 915 (1960), said:

". . . Plaintiff says we would thereby amend the tolling statute to add a limitation, not otherwise expressed, that it does not apply when a motorist is a defendant. Some of the cases relied on by plaintiff, previously cited, do so hold. We cannot agree with this theory. The effect of our holding is merely to say that a motorist using the highways of Oregon, within ORS 15.190, makes himself available for the service of summons upon him by the designation of a lawful agent for that purpose. The availability of the right to compel the attendance of the defendant or to obtain and enforce a valid judgment against him is all that a plaintiff is entitled to. When such a right is present there is no cause to apply the tolling statute at all."

Additionally, and for similar decisions, see: *Matney v. Currier,* Iowa, 203 N.W.2d 589 (1973); *Long v. Moore,* 295 Minn. 266, 204 N.W.2d 641 (1973); *McCullough v. Boyd,* Okl., 475 P.2d 610 (1970); and *Bergman v. Turpin,* 206 Va. 539, 145 S.E.2d 135 (1965).

## POLICY CONSIDERATIONS

There are many policy reasons why the tolling statute (§ 1–24) should be held not to be applicable to extend the limitation of § 1–1066, as long as the Secretary of State may be served under § 1–52. Many have been noted above from the opinions of other courts. If § 1–24 were to be held to toll the limitations statute, defendants could not know with any certainty when they were safe from the threat of litigation. Plaintiffs could wait for the propitious moment when witnesses and evidence became unavailable and thereby effectively deprive the defendants of their defense. The theory urged by the plaintiff-appellant could result in conduct tantamount to fraud, all to the destruction of the concept of expeditious litigation which is so important to our system of law in these times. To sustain the appellant's contention would be contrary to the purpose of the tolling statute which is to protect the cause of action of the plaintiff where the absence of the defendant has made it impossible for him to enforce it.

We affirm the lower court's conclusion that § 1–24 has no applicability to or effect upon the limitation provision of § 1–1066, and the plaintiff-appellant's action is barred.

Affirmed.