2011 WY 58

**Rex ADAMS, Appellant (Plaintiff),**

v.

**Betty WALTON, M.D., Appellee (Defendant).**

**No. S–10–0109.**

Supreme Court of Wyoming.

March 31, 2011.

Representing Appellant: V. Anthony Vehar of Vehar Law Offices, P.C., Evanston, Wyoming; Clark Newhall of Law Office of Clark Newhall, MD, JD, LC, Salt Lake City, Utah. Argument by Mr. Vehar.

Representing Appellee: Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Rex Adams allegedly received negligent medical treatment from Dr. Betty Walton. Adams brought a medical malpractice claim against Dr. Walton, but filed the legal action after the applicable statute of limitations had run. Adams alleged the statute of limitations was tolled because Dr. Walton had left the state and he could not find her to effectuate service of process. The district court disagreed and granted summary judgment to Dr. Walton based on the running of the limitation period. We affirm.

**ISSUE**

[¶ 2] The issue as presented is whether the district court properly granted summary judgment based on the statute of limitations when Dr. Walton departed the state and Adams had no knowledge of her whereabouts.

**FACTS**

[¶ 3] On August 3, 2005, Adams received medical treatment from Dr. Mark Lea. On August 11, 2005, Adams was treated by Dr. Kent Katz for complications associated with Dr. Lea's treatment. On August 16, 2005, Adams was sent to the emergency room of Memorial Hospital of Sweetwater County by his primary care physician because of worsening in his condition. He was treated by Dr. Walton. While he was in the emergency room he suffered a cardiac arrest. Adams was subsequently transferred to a hospital in Utah.

[¶ 4] Adams' attorney reviewed the medical records of Drs. Lea, Katz and Walton. He determined there was no evidence of negligent medical treatment on the part of Dr. Walton. Consequently, on October 19,

2006, Adams filed a medical malpractice suit against only Drs. Lea and Katz.

[¶ 5] On March 21, 2008, Dr. Katz filed a designation of expert witnesses. On the list was an expert in emergency medicine. The expert was scheduled to testify that Dr. Walton was negligent in her treatment of Adams, proximately causing his complained of injuries. Adams' attorney disagreed with the expert's conclusions but:

> Because Drs. Lea and Katz will apparently attempt to allocate fault to Dr. Walton, I determined that the proper legal action for my client was to amend the complaint and name Dr. Walton as a defendant, regardless of my personal opinion of her culpability.

[¶ 6] Shortly after Adams received Dr. Katz's designation, Adams began looking for Dr. Walton. He discovered she was a locum tenens physician who was not resident in Wyoming. At some point after August 16, 2005, the date of the alleged malpractice, she had left the state to practice elsewhere. Her whereabouts were relatively easy to determine and eventually, on August 21, 2008, Adams filed an "Amended Complaint" adding Dr. Walton as a defendant.

[¶ 7] Dr. Walton moved for summary judgment on the grounds the claim was filed outside the statute of limitations. Adams responded that the statute of limitations had been tolled because Dr. Walton had left the state after the cause of action accrued and he had been unable to locate her. The district court granted the motion for summary judgment.

## DISCUSSION

[1, 2] [¶ 8] We review a grant of summary judgment de novo, applying the same test as the district court. Summary judgment is appropriately granted when there is no genuine issue of material fact and, with all reasonable inferences drawn in favor of the non-moving party, the moving party is entitled to a judgment as a matter of law. W.R.C.P. 56(c). *Rivers v. Moore, Myers & Garland, LLC,* 2010 WY 102, ¶ 9, 236 P.3d 284, 290 (Wyo.2010); *Boyer–Gladden v. Hill,* 2010 WY 12, ¶ 5, 224 P.3d 21, 24 (Wyo.2010); *Hall v. Perry,* 2009 WY 83, ¶ 8, 211 P.3d 489, 492 (Wyo.2009).

[¶ 9] According to the undisputed facts, Adams had no intention of bringing a medical malpractice suit against Dr. Walton. It was only when he was informed the defense theory would be to implicate Dr. Walton that Adams changed his mind. This occurred more than two and a half years after the date of the alleged malpractice. Adams did not amend his complaint to add Dr. Walton as a defendant until more than three years after the date of the alleged malpractice. The statute of limitations for a medical malpractice action is two years. Wyo. Stat. Ann. § 1–3–107(a)(i) (LexisNexis 2009).[1] Needless to say, the statutory limitation period had run.

[¶ 10] This should be the end of the story, but Dr. Walton left the state at some point after the date the cause of action accrued. Thus, Adams argues his action is timely under Wyo. Stat. Ann. § 1–3–116 (LexisNexis 2009):

> If a cause of action accrues against a person when he is out of the state, or has absconded or concealed himself, the period limited for the commencement of the action does not begin to run until he comes into the state or while he is so absconded or concealed. If after the cause of action accrues he departs from the state or absconds or conceals himself, the time of his absence or concealment is not computed as

---

1. **§ 1–3–107. Act, error or omission in rendering professional or health care services.**
   (a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
   (i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more

than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
   (A) Not reasonably discoverable within a two (2) year period; or
   (B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

a part of the period within which the action shall be brought.

Adams argues that the language of this tolling statute should be taken literally, with no further context. It is simply a matter of math. For every day a person is absent from the state, the limitation period is tolled. According to Adams, the fact that he was not even looking for Dr. Walton during the limitation period is irrelevant.

[¶ 11] Adams relies heavily on *Greenwood v. Wierdsma,* 741 P.2d 1079 (Wyo.1987). In *Greenwood,* a medical malpractice case, Greenwood failed to serve Dr. Wierdsma before the statute of limitations expired because Dr. Wierdsma was out of state and Greenwood had trouble locating him. The *Greenwood* Court held, under the clear language of § 1–3–116, the statute of limitations had been tolled during Dr. Wierdsma's absence from the state. Although certain language in *Greenwood* appears absolute, the holding was limited to its facts:

> Indeed, if the record demonstrated that the plaintiff knew where to find the defendant, the long-arm statute, when read *in pari materia* with the statute of limitations, might operate to defeat the tolling provision, but that issue is not now before us and will not here be decided. Since plaintiff did not know defendant's whereabouts, she was unable to take advantage of the Wyoming long-arm statute in obtaining service of process on Dr. Wierdsma, and the tolling language of the statute of limitations is clearly in effect.

*Id.* at 1083 n. 2.

[¶ 12] Other cases make clear that the language of § 1–3–116 is not to be construed as literally as Adams would wish. For instance, in *Stanbury v. Larsen,* 803 P.2d 349 (Wyo.1990), the *Stanbury* Court held the tolling provision of § 1–3–116 did not apply when the plaintiff knew the location of a defendant who was not in Wyoming. The *Stanbury* Court reasoned:

> In *Tarter v. Insco,* 550 P.2d 905, 908–09 (Wyo.1976) (emphasis in original), this court stated the tolling statute applies when the defendant has "departed from the state *in such manner so that he is beyond the reaches of the law for purposes of service.*" In a later case, we indicated that, if the plaintiff has knowledge of the nonresident defendant's location and that defendant is subject to this state's jurisdiction through the long arm statute, the statute of limitations is not tolled. *Greenwood v. Wierdsma,* 741 P.2d 1079 (Wyo. 1987).
>
> Given this line of cases, the district court could reasonably find the statute of limitations is not tolled when the plaintiff has "knowledge" of the defendant's whereabouts. Thus, the district court was correct in its construction of controlling legal precepts when it ruled the statute of limitations was not tolled[.]

*Stanbury,* 803 P.2d at 351. In the face of this precedent, Adam's argument for a strictly literal reading of § 1–3–116 fails.

## CONCLUSION

[¶ 13] A statute of limitations, by definition, limits the amount of time a potential plaintiff has to file a legal action. Adams argues the language of § 1–3–116 allows for the two year limitation period of § 1–3–107 to be completely overridden should a potential defendant serendipitously be absent from the state. As our precedent discloses, this Court has never construed the language of § 1–3–116 so literally.

[¶ 14] Adams did not file a legal action against Dr. Walton until more than three years after the cause of action accrued. The fact that Dr. Walton was out of state is not enough to invoke § 1–3–116, given the fact that Adams had no intention of bringing legal action against her within the limitation period. Affirmed.